## JOHNSON, Appellant, v. JEFFRIES, Respondent.

1. A mortgage or deed of trust of personal property is valid between the parties thereto, although possession may not accompany the deed, and no record be made thereof.

2. The eighth section of the act concerning fraudulent conveyances, (R. C. 1855, p. 804,) providing that no mortgage or deed of trust of personal property shall be valid against any other person than the parties thereto, unless possession thereof be delivered to and retained by the mortgagee, or trustee, or *cestui que trust*, or unless the mortgage or deed of trust be acknowledged or proved and recorded, can not be invoked by all persons indiscriminately, whether trespassers or wrongdoers; to entitle a person to invoke the aid of this provision against the mortgagee, or trustee, or *cestui que trust*, he must show himself related in some way to the parties to the instrument.

*Appeal from Greene Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Edwards & Ewing*, for appellant.

I. The court erred in excluding from the jury the deed from Bartlett to plaintiff. As between the parties to the deed, it is valid, although not acknowledged or proved, as the law requires to make it good against third persons. The defendant does not claim that he is the owner of the slave, but that plaintiff is not. He is not a third party within the meaning of the eighth section of the act concerning fraudulent conveyances. (R. C. 1855, p. ——, § 8.) The evidence

shows conclusively that the slave was the property of Bartlett, and that defendant is merely in possession of her without a shadow of title, without setting up any claim whatever to the title, and without any authority whatever. The court erred in excluding the declarations of the defendant; so also in excluding the deposition of Dales.

EWING, Judge, delivered the opinion of the court.

This was an action to recover the possession of a slave which was alleged to be unlawfully detained by Jeffries. The plaintiff's claim is based upon a mortgage or deed of trust with power of sale executed to him by one Bartlett to secure the payment of certain promissory notes in which he was Bartlett's security, and which he alleges he paid, whereby he became entitled to the possession of the slave.

The answer denied that Bartlett was the owner of the slave, and that the defendant unlawfully detained her from plaintiff's possession. On the trial the plaintiff offered the deed in evidence, which was excluded by the court on the ground that it had not been acknowledged and recorded; and this ruling of the court is assigned for error.

The statute on this subject declares that no mortgage or deed of trust of personal property shall be valid against any other person than the parties thereto unless possession of the mortgaged or trust property be delivered to and retained by the mortgagee, or trustee, or *cestui que trust*, or unless the mortgage or deed of trust be acknowledged or proved and recorded in the county in which the mortgagor or grantor resides, in such manner as conveyances of lands are by law directed to be acknowledged and recorded.

The deed, as between the parties thereto, is good, although not acknowledged and recorded, and the defendant does not appear to be in a position to claim the benefit of the statute or to question the validity of the instrument in question. The answer sets up no title in the defendant to the slave, and it discloses nothing that would preclude Johnson from using the deed as evidence of his alleged right to the prop-

erty.  It does not appear that Jeffries stands in any such relation to the parties to the instrument—as, for instance, a purchaser or creditor—as that he would be prejudiced by giving effect to the deed.  An illustration of the evident intent and meaning of the statute would be seen in the protection it would afford a subsequent purchaser from the mortgagor—who as mortgagor should retain the possession of the property, there being no registry of the instrument—in a suit by the mortgagee to recover it from such a purchaser.  The purchaser in such case could, with great propriety, claim the protection of the statute; and the deed could not be used to defeat his title to the property.  It is a great misconception of the statute to so interpret it as to apply to all persons indiscriminately, except the parties to the instrument, and thus permit any third person, a trespasser or wrongdoer it may be, to invoke its aid.  The deed which was the foundation of the plaintiff's title to the property having been excluded, the other evidence offered was, we suppose, deemed immaterial.

The judgment will be reversed and the cause remanded; Judge Napton concurring.  Judge Scott absent.