NEW HAMPSHIRE CATTLE COMPANY, Respondent, v. JOHN S. BILBY, Appellant.

### Kansas City Court of Appeals, May 20, 1889.

Chattel Mortgage: DESCRIPTION: PAROL EVIDENCE. Plaintiff claimed the twenty-five head of cattle in controversy under a chattel mortgage from one C. recorded in Nebraska, and describing the mortgaged cattle as one hundred and nine head branded with "(=) on left side and Z on both hips." Proof showed eighteen of the twenty-five head to be branded with (=) on the left side and the remaining seven with Z on both hips. *Held,*

(1) The cattle in controversy did not come within the description of the mortgage.

(2) That mortgaged property must be correctly and truly described so as to not mislead; and such description must control.

(3) That while parol evidence may aid an imperfect description, it cannot contradict the description, nor affix a different one to the mortgage.

*Appeal from the Nodaway Circuit Court.*—HON. C. A. ANTHONY, Judge.

REVERSED.

*Johnston & Craig*, for the appellant.

(1) The court erred in admitting in evidence, over the objection of defendant, the copy of the alleged chattel mortgage purporting to have been executed on the twenty-second day of November, 1886, by Edmund Cooper. *Sheldon v. Merrell*, 13 W. Rep. 716; *Bissell v. Pearce*, 28 N. Y. 252; *DeReisthal v. Walton*, 8 At. Rep. 462; Jones Chat. Mort., sec. 274, p. 232; Greenl. on Ev. [14 Ed.] sec. 498, p. 593; *Childress v. Cutter*, 16 Mo. 24. (2) The court erred in giving instructions numbers 1, 2 and 3, asked by plaintiff, and in refusing to give instructions numbers 3 and 4, asked by defendant. Cases cited under first and fourth points

and *Willis v. Stevens*, 24 Mo. App. 494, exact page 603 ; *Range Co. v. Alexe*, 28 Mo. App. 184 ; *Skyles v. Bollman*, 85 Mo. 35 ; *Bowen v. Railroad*, 75 Mo. 426 ; *Severance v. Leavitt*, 20 N. W. Rep. [ Neb.] 273; Jones Chat. Mort., sec. 236 (latter part) ; *Bank v. Murdock*, 62 Mo. 70 ; *White v. Maxey*, 64 Mo. 552 ; *Smith v. Railroad*, 19 Mo. App. 120 ; *Batterson v. Vogel*, 10 Mo. App. 235, exact page 239. (3) The court erred in over-ruling defendant's motions for new trial and in arrest. See cases cited under first, second and fourth points. (4) The court erred in admitting said copy of · the alleged mortgage, because the cattle described in said alleged mortgage are not, by description, the cattle sued for. *Adams v. Bank*, 5 N. W. Rep. 619 ; *Hutton v. Arnett*, 51 Ill. 198 ; Jones on Chat. Mort., sec. 62, p. 57, and sec. 64, p. 59 ; *Rowley v. Bartholomew*, 37 Iowa, 374 ; *Ruby v. Coal & Mininy Co.*, 21 Mo. App. 159 ; 2 Phillips on Evidence, 633.

*S. R. Beach*, for the respondent.

(1) Appellant insists that the court erred in admitting the copy of the chattel mortgage, executed by Cooper· to respondent, in evidence; because it was not authenticated under the " act of congress "—which we deny, and say that the validity of the instrument was a question for the court, to be passed upon by it, before it could be read to the jury. Jones Chat. Mort., sec. 301 ; *Bailey v. Godfrey*, 5 Am. Rep. 161 ; *Kanaga v. Taylor*, 70 Am. Dec. (note 6) p. 72 ; Story Conflict of Laws [ 7 Ed.] sec. 638. And so was the question of its admissibility as evidence to the jury for the court. It was a valid mortgage, under the laws of Nebraska, where made (Compiled Stat. of Neb. of 1885, secs. 14 and 16, chap. 32, page 365 ), and was, therefore, good everywhere ; Jones, Chat. Mort., secs. 299, 301, 303, 621 ; *Kanaga v. Taylor*, 70 Am. Dec. 62 ; *Roach v. Type Foundry*, 21 Mo. App. 118 ; *Smith v. Hutchings*, 30 Mo. 383 ; *Feurt v. Rowell*,

62 Mo. 524. (2) No error exists in instructions for respondent, for which appellant can complain. If our instruction number 1 required us by proof to trace the cattle through the hands of commission men at Kansas City, which was unnecessary and not material for us to do to maintain the issue that would not mislead the jury or injure appellant, but would only impose an additional burden upon respondent, for which appellant could not complain. *Jackson v. Ins. Co.*, 27 Mo. App. 63; *Keen v. Schnedler*, 92 Mo. 516; *Johnson v. Railroad*, 22 Mo. App. 597, 600; *Radcliffe v. Railroad*, 90 Mo. 128. (3) The court did not err in refusing a new trial. The verdict was not against the evidence nor the weight of the evidence. Appellant says that the cattle described in our mortgage, must all have two brands ( sardine box, and bar-Z-bar ) upon them; that the evidence showed that no animal, by us found in his possesion, had both, yet every such animal had one or the other of said brands, and therefore he argues that we did not identify the cattle, and that the jury could not find for us. We answer that in this suit (trover), we are not after the cattle (as in replevin), but are after their value, and the description is not so material, and is quite good enough. Wells, Replevin, sec. 172. Jones, Chat. Mort., secs. 53, 54; 40 Mich. 705.

GILL, J.—The plaintiff recovered judgment in the circuit court, against defendant Bilby, in the sum of $928.95, for an alleged conversion of twenty-five head of cattle, and defendant has appealed to this court. One Edmund Cooper, of Cass county, Nebraska, owned and held the cattle where he resided, from November, 1886, to sometime in January, 1887, when he consigned them to the Kansas City stock yards, and they were there sold to defendant Bilby, and he had them on his farm in Nodaway county, Missouri, when and where plaintiff demanded said cattle, and, being refused, brought this action for their value.

Plaintiff claims under a certain chattel mortgage executed by Cooper, the former owner, in November, 1886, and filed for record immediately thereafter in Cass county, Nebraska, where he, Cooper, then resided. Said mortgage was made to secure a note of that date, given for the purchase price of some one hundred and nine head of cattle. The cattle in the mortgage under which plaintiff claims are thus described : " One hundred and nine (109) head of three-year old steers, branded, viz.: (=) on left side, and Z on both hips." The twenty-five cattle which plaintiff found in the possession of defendant Bilby, at his farm in Nodaway county, and for the conversion of which this suit is brought, were branded as follows.: Eighteen were branded with the "sardine box," so-called, (=) on the left side, and the remaining seven with the Z brand on both hips, but none of the twenty-five head had the sardine box brand (=) on left side *and* the Z brand on the hips.

The foregoing comprise all of the facts, which for the purpose of our decision are necessary to be here stated.

A number of questions are presented in briefs of counsel, but it seems there is one insuperable obstacle, presented on the face of this record, to the right of recovery in the plaintiff. The chattel mortgage, upon which plaintiff relies, did not impart notice to the defendant of plaintiff's rights, if any he had, to the cattle in controversy.

The description in the mortgage covered the three-year old steers branded with *both* the "sardine-box" brand on the left side, *and* the Z brand on the two hips.

A steer branded simply with the "sardine box" on the left side, and *not* with the Z brand on the two hips, did not fill that description. It is true that parol evidence may be called in to explain the circumstances, and thereby fit the description, *as given in the mortgage*, to certain property intended to be mortgaged, but

it is not permitted the mortgagee to show, as against an innocent purchaser, that his mortgage, describing the property of a certain description, covered, or applied to, property of a different description. The law imposed on Bilby constructive notice of this record up in Nebraska, and when he bought these cattle at Kansas City he was supposed to know that Cooper had mortgaged to the New Hampshire Cattle Company one hundred and nine head of three-year old steers, all branded with (=) on the left side, *and* the Z on both hips. The cattle in controversy, and purchased by him, he could well say, did not come within that description. "A mortgagee of personal property must see to it that the property mortgaged is correctly and truly described, so that others may not be misled. The description in the mortgage must control, otherwise great fraud and injury might result." *Hutton v. Arnett*, 51 Ill. 198. See also *Rowley v. Bartholomew*, 37 Iowa, 374; *Adams v. Bank et al.*, 5 N. W. Rep. 705; Jones on Chat. Mort., secs. 54, 55, etc.; *Stonebraker v. Ford*, 81 Mo. 532.

Parol evidence may be called in to *aid* an imperfect description, but not to contradict, or affix to the mortgage one different from that therein contained. See authorities *supra*.

It is unnecessary to further discuss the various points raised in this cause. Since this mortgage gave plaintiff no rights in these cattle as against defendant Bilby, the judgment below should have been for the defendant. Judgment reversed. The other judges concur.