DAVID A. MAYER, Appellant, v. J. F. KEITH *et al.*, Respondents.

Kansas City Court of Appeals, November 20, 1893.

1. **Chattel Mortgage**: DESCRIPTION: GROWING CROP. A description in a chattel mortgage, calling for seventy acres of growing corn, raised by the mortgagor, on his farm in section 35, will not cover corn raised by him on an adjoining rented farm in the same section; nor is parol evidence admissible to show the mortgagor intended to include the corn on the rented place.

2. ———: ———: INQUIRY. Such description is not of that grade of sufficiency as to enable third parties, after reasonable inquiry suggested by the instrument, to identify the corn on the rented farm as intended to be covered.

3. ———: ———: GROWING CORN: COUNTY. A description in chattel mortgage calling for forty acres of corn, standing and grown on a certain subdivision of section 35, etc., is sufficient, though it is not stated that the land is in the county, yet the mortgagor is described as being of a certain county, and, as having the corn in his possession.

*Appeal from the Boone Circuit Court.*—HON. JNO. A. HOCKADAY, Judge.

AFFIRMED.

*Thos. S. Carter* and *C. B. Sebastian* for appellant.

(1) Defendant's mortgage was inadmissible, *first*, because the *locus* of the property does not appear from the mortgage itself. There is nothing in the mortgage to show that the corn is in the state of Missouri, much less on what farm, or for what year raised, or even that it was in Boone county, Missouri. *Bozeman v. Fields*, 44 Mo. App. 432, and authorities cited in respondent's brief; *second*, because of its uncertainty, for how could forty acres of corn stand and grow on one hundred and twenty acres of land as described in defendant's mortgage? Nor does the mortgage state it was all the corn standing and grown on said one hundred and twenty acres. *Bank v. Metcalf*, 29 Mo. App. 384, and authorities cited by appellants. (2) The trial court committed error in permitting witnesses J F. Keith and Eliza J. McCallister, over objection of plaintiff, to testify in what county and state the corn in question was located, as they were thereby adding to the mortgage terms not contained therein. *Chandler v. West*, 37 Mo. App. 631. (3) The court erred in refusing to allow witness, Grover E. McCallister, to testify that the corn in question was the identical corn he intended to include in the mortgage to plaintiff, on objection of defendant. *State v. Cabanne*, 14 Mo. App. 455; *Bender v. Markle*, 37 Mo. App. 234; *Campbell v. Allen*, 38 Mo. App. 27; *Cobb v. Day*, 106 Mo. 278. (4) Instruction number 2, offered by plaintiff, should have been given. Plaintiff's mortgage was recorded long prior to defendant's and was such that a

third person by its aid, together with the aid of such inquiries as it suggested, could have identified the property conveyed. It tells by whom, the corn was raised, for what year raised, the farm raised on, giving the section, township, range, county and state where located, and stating it was all the corn raised by the mortgagee for that year, except ten acres, which was separated from that mortgaged. *Stonebraker v. Ford*, 81 Mo. 532. And the *locus* of the property thus fully and clearly appearing from plaintiff's mortgage he could resort to parol proof for the purpose of further identification. *Bozeman v. Fields, supra.*

   *Sam. C. Major* for respondent.

   (1) Notwithstanding that the description in a chattel mortgage is faulty, in that it does not locate the property and does not state who is the owner, yet such fault is cured where other portions of the instrument show the residence of the mortgagor, and that the property is in his possession, and that it shall not be removed from the county in which the mortgagor's residence is fixed, and that, upon default, it shall be sold in such county. *Ester v. Springer*, 47 Mo. App. 99. (2) That the description in a chattel mortgage is sufficient, where it is such as enables third parties, aided by the inquiries which the instrument itself suggests, to identify the property, and oral testimony in aid of the description is admissible. *State v. Cabanne*, 14 Mo. App. 294, 455; *Bank v. Jennings*, 18 Mo. App. 651; *Campbell v. Allen*, 38 Mo. App. 27; *Jennings v. Sparkman*, 39 Mo. App. 663; *Boeger v. Langenberg*, 42 Mo. App. 7. (3) Under the rules of description as above set forth, appellant's mortgage was clearly inadmissible in evidence. It was sought by evidence to contradict this description and affix a different one. This cannot be done. The law is that, while parol

evidence may aid an imperfect description, it cannot contradict the description, nor affix a different one to the mortgage. *Cattle Co. v. Bilby*, 37 Mo. App. 43.

GILL, J.—This is a contest between two mortgagees as to who was entitled, on November 10, 1892, to the possession of a lot of corn grown on the farm of Mrs. Eliza J. McCallister, in Boone county, Missouri. Plaintiff Mayer asserts a right by reason of a chattel mortgage made to him in September, 1892, by Grover E. McCallister to secure his individual debt of $624, and defendant Keith claims under a mortgage made to him in October, 1892, jointly by said Eliza J. and Grover E. McCallister to secure a joint debt of about $800, then owing by said Eliza J. and Grover E. McCallister to said Keith. The validity of both mortgages is drawn in question. The issues were tried before the circuit court without the aid of a jury, and the trial judge gave judgment in defendant's favor and plaintiff appealed.

In order to a full understanding of the matters in dispute, we deem it necessary to state, that Eliza J. McCallister (who is the widowed mother of Grover McCallister) owned and lived on a farm of about one hundred and twenty acres, while adjoining her, and in the same neighborhood, Grover E. McCallister had a separate farm on which, too, he resided. In the season of 1892, Grover McCallister raised a crop of corn on his own farm, and also cultivated on shares forty acres of corn on his mother's farm; and it is this last named corn, raised on the farm of Mrs. Eliza McCallister, which is the subject of this controversy.

I. With this preliminary statement we proceed to consider the two mortgages. Both are attacked because of alleged insufficient description. The Mayer mortgage, it must be borne in mind, was executed by Grover

McCallister to secure an individual debt which he owed Mayer. It was prior in point of time to the Keith mortgage; and if, therefore, it covered the corn in question, the plaintiff in this action must prevail.

We now quote from the Mayer mortgage: ''Know all men by these presents, that the undersigned Grover E. McCallister, of Boone county, Missouri, in consideration of the sum of six hundred and twenty-four dollars, to him paid by D. A. Mayer, of Boone county, Missouri, do sell, assign, transfer and set over unto the said D. A. Mayer, and to his executors, administrators and assigns, the following personal property, to-wit: That is to say, *seventy acres of growing corn raised by the said Grover E. McCallister for the year 1892, on his farm, in section 35, etc., in* Boone county, Missouri, *being all the corn he raised on said farm,* excepting ten acres on the west end of the farm, being separate and apart from the seventy acres above mentioned.''

The lower court held that the description, ''seventy acres of growing corn raised by the said Grover E. McCallister on *his farm* in section 35, * * * Boone county, Missouri, being all the corn he raised on said farm,'' etc., did not fairly include within its terms the corn which said Grover may have raised on shares on Mrs. Eliza McCallister's farm; and we concur in this opinion. It matters not that Grover McCallister, in his mind, may have *intended* to include not only the corn he raised on his own farm, but as well that he raised on another farm. It won't do in such cases to give effect to such concealed intentions. The mortgage on its face must give notice to third parties of such intentions, or else great fraud would be accomplished. As we had occasion once before to say, in a case similar to this in principle: ''It is true that parol evidence may be called in to explain the circumstances and thereby fit the description, as given in the mortgage, to certain

property intended to be mortgaged, but it is not permitted the mortgagee to show, as against an innocent purchaser, that his mortgage naming property of a certain description, covered or applied to property of a different description." *New Hampshire Cattle Co. v. Bilby*, 37 Mo. App. 43, and cases cited. A description of "all the corn raised in the year 1892 on Grover McCallister's farm, in Boone county, Missouri," cannot be held to cover corn raised the same year on another and different farm.

Neither was the description here of that grade of sufficiency as would enable third parties after reasonable inquiry suggested by the instrument to identify the corn in question as that intended to be covered by the mortgage, as was that in *Campbell v. Allen*, 38 Mo. App. 27, and like cases. By inquiry it would be found that Grover McCallister owned a farm, on which he lived, and that in that year he raised a crop of corn thereon; the mortgage then would be sufficient so give notice that this corn so raised on his farm, was covered by the mortgage, but it would not be sufficient to include other corn raised on another farm.

We have, then, no hesitancy in declaring, with the lower court, that the Mayer mortgage did not cover the corn in controversy. The plaintiff, therefore, had no title or right of possession.

II. As to the chattel mortgage under which defendant Keith claims, little need be said. The description in the mortgage is "forty acres of corn standing and grown on the west half of the southeast quarter of section 35, also the southeast of the northwest quarter of section 35, township 51, range 13." This was the description of the Eliza McCallister farm, and the evidence showed that on that farm there was but forty acres of corn raised that year. But it is objected that the description is faulty in not further stating that sec-

tion 35, township 51, range 13, was in Boone county, Missouri. In a case lately decided by us, this objection as to the *situs* of the mortgaged property is fully answered. See *Estes v. Springer*, 47 Mo. App. 99. The mortgage description there was assailed for the same reason as in the case at bar. And we answer the objection as was done in that case; since the mortgage discloses that the mortgagors are of Boone county, Missouri, and since it is recited that the property was to remain in their possession until condition broken, and was not to be removed from Boone county, we hold that it was thereby made sufficiently apparent, as matter of description from the mortgage itself, that the property was in Boone county, Missouri.

The foregoing disposes of every material question in this controversy. Keith took a valid chattel mortgage as additional security for a *bona fide* claim he held against the two McCallisters. There is nothing whatever appearing in this record to justify any charge of fraud, either actual or constructive; and as we discover no substantial error in the trial of the cause, the judgment will be affirmed. All concur.