Dodson v. Dedman.

JAMES DODSON, Respondent, v. WILLIAM DEDMAN, Appellant.

St. Louis Court of Appeals, February 12, 1895.

1. **Chattel Mortgage**: SUFFICIENCY OF DESCRIPTION. A chattel mortgage, after reciting the names and residences of the parties, described property conveyed by it as "one gray mare, three years old past." *Held*, that this description was sufficient between the parties, and, also, as against a purchaser from the mortgagor who was aware of the mare intended, and assumed the mortgage debt as a part of the purchase price.

2. **Practice, Appellate**: REJECTION OF EVIDENCE. The action of the trial court in rejecting evidence can not be reviewed on appeal, when no exception thereto has been saved.

3. **Chattel Mortgage**: EFFECT OF CONDITIONAL POWER OF SALE IN MORTGAGE. A sale of mortgaged chattels by a mortgagor will not be valid as against the mortgagee, when the consent of the mortgagee is upon a condition which the purchaser has promised, but failed, to perform.

**4. Replevin:** DEFECTS IN STATEMENT AND AFFIDAVIT: PRACTICE, APPEL-
LATE. The statement and affidavit filed in an action of replevin
commenced in a justice's court were defective in not averring a
detention in the county, but the fact of such detention appeared
beyond question from the record, and a retrial of the cause would
necessarily lead to the present result of the suit. *Held*, that the
judgment should not be reversed on account of the defect.

*Appeal from the Wright Circuit Court.*—Hon. Argus
Cox, Judge.

Affirmed.

*F. M. Mansfield* for appellant.

(1) The description of the property contained in
the mortgage under which plaintiff claims is so vague
and uncertain as to be inoperative as to the property in
controversy. *Chandler v. West*, 37 Mo. App. 631;
*Stonebraker v. Ford*, 81 Mo. 532; *Hughes v. Menefee*, 29
Mo. App. 192; *Souders v. Voorhees*, 12 Pac. Rep. 526.
(2) The court erred in excluding the evidence offered
by the defendant to show that he tendered plaintiff a
good note, and that the securities thereon were solvent.
Defendant was only required to tender a good note
with solvent securities, not such a note as would satisfy
the mere whim or caprice of the plaintiff. *Pope Iron
Metal Co. v. Best*, 14 Mo. App. 502; 2 Benjamin on
Sales [3 Eng. Ed.], sec. 897; *Summer v. Sleeth*, 45 Ind.
598; *Simmons v. Green*, 35 Ohio St. 104. (3) The
plaintiff, having agreed and assented to the sale, and
agreed to accept a note in satisfaction of the mortgage,
is estopped from asserting his right to possession as
against the defendant under the clause against sale or
removal. The assertion of such a right under these cir-
cumstances would operate as a fraud against the defend-
ant. *Lawrence v. Owens*, 39 Mo. App. 318; *Chouteau
v. Goddin*, 39 Mo. 229; *Garnhart v. Finney*, 40 Mo. 449;

Dodson v. Dedman.

*Skinner v. Stouse*, 4 Mo. 93; *Rice v. Bunce*, 49 Mo. 231; *Austin v. Loring*, 63 Mo. 19; *Melton v. Smith*, 65 Mo. 315; *Brown v. Wheeler*, 17 Conn. 353. (4) The defendant's motion in arrest of judgment should have been sustained. The statement of the plaintiff was insufficient; it fails to allege that the property was detained by the defendant "at the county of Wright" or any other county, and that the same has not been seized under any process, execution or attachment, against the property of plaintiff. Revised Statutes, 1889, section 6169; *Dowdy v. Womble*, 41 Mo. App. 573.

No brief filed for respondent.

BOND, J.—Plaintiff purchased, before maturity, a note for $55, secured by a mortgage on a gray mare three years old, which, it was provided, should remain in the possession of the mortgagor until default, unless he should attempt a sale of the animal, or there should be an unreasonable depreciation in her value before the maturity of the note. The evidence tends to show that plaintiff ascertained the mare was poorly fed and in bad condition, wherefore he asked the mortgagor to surrender her so that he might take proper care of her until the note matured. This request was refused. Plaintiff called upon the mortgagor a second time on this subject, where he met the defendant, who stated that he would buy the mare of the mortgagor, if the plaintiff would accept a good, bankable note for the mortgage debt and release the mortgage, and that he would deliver such a note within three days. Plaintiff said this would be satisfactory. The mortgagor and defendant walked apart and had some talk. The defendant returned where the plaintiff was, and told him he had traded with the mortgagor. The evidence

further showed that, in the trade between defendant and the mortgagor, the mortgagor was paid $10 in cash and gave a coat and vest, valued at $5, and that the defendant, in addition, assumed the payment of the mortgaged debt. About two weeks thereafter defendant met plaintiff, and told him he would bring the note in a day or two, and plaintiff answered he wanted "a good note, and did not want to be fooling about it any longer." Sometime after this conversation defendant's father came to plaintiff's residence, and tendered plaintiff a note for $55, signed by himself and son, which was declined, whereupon the father left, taking the note with him, and, according to plaintiff's testimony, saying that plaintiff might send and get the mare without resorting to a lawsuit. Plaintiff sued before a justice of the peace for possession of the mare, and had judgment in that court, from which defendant appealed to the circuit court. On the trial in the circuit court defendant inquired of a witness, engaged in banking business, "whether a note for $55, signed by defendant and his father, would be good at his bank," to which question the court sustained an objection made by plaintiff; and it also sustained an objection by plaintiff to a similar question propounded by defendant to another witness. Defendant did not except to any of these rulings on the evidence. After the giving of instructions, the jury returned a verdict for plaintiff, and defendant appealed from a judgment thereon to this court.

The first point made by appellant is that the mortgage fails to describe the animal in suit, and is, therefore, void for uncertainty. The language of the mortgage, after reciting the names and residences of the parties thereto and the consideration for which it was given, is to wit, "assign one gray mare, three years old past." This description was clearly suffi-

cient between the original parties and also against defendant; for the evidence shows that he knew the mare in suit was mortgaged, and examined the instrument itself on the day on which he traded for her, and assumed to pay the debt with which she was charged by the mortgage.

The second point urged by appellant is that the evidence offered by him as to his good fath in purchasing the animal, and his reliance on plaintiff's "agreement to accept a good note in satisfaction of the mortgage," was admissible. A complete answer to this contention is that the record shows that the testimony of defendant to this effect *was* admitted on the trial.

The third point made by appellant relates to the refusal of the testimony of witnesses of whom he inquired as to the solvent character of the note tendered plaintiff. The record shows that appellant did not except to the rulings of the court excluding answers to these inquiries. The point is, therefore, not before us for review.

The fourth point insisted upon by appellant is that the mortgagor had a right to sell, despite the terms of the mortg age entitling the mortgagee to take possession upon an attempt to sell. The answer to this is that, in the absence of any other sufficient agreement, the terms of the mortgage must control the right of the mortgagee to take possession of mortgaged property.

The fifth point made on this appeal is that the sale by the mortgagor to appellant having been assented to by respondent, such assent would debar respondent from his right to possession under the clause of the mortgage against a sale or removal by the mortgagor. As the testimony of defendant and all his witnesses was that plaintiff *only* agreed to release his mortgage

security upon the reception of a good note, we are at a loss to see how plaintiff could be said to have released some of his rights in the absence of any evidence of the performance by appellant of the condition upon which plaintiff's agreement was hinged; nor can we perceive any elements of estoppel against respondent, under the facts in this record, showing that appellant was not influenced to his detriment by any act or conduct of respondent, it being conceded that appellant in his trade for the mare withheld the payment of the amount of the mortgage debt out of the sum for which he bought her from the mortgagor. *Blodgett v. Perry*, 97 Mo. *loc. cit.* 272.

The learned counsel for appellant also misconceives the purport of the instructions of the court. In the record there is no evidence as to the solvency of the note of defendant and his father. All that appears is that a note made by these parties for $55, due at something more than sixteen months, was offered to respondent in extinguishment of his mortgage security and was refused by him. There was, therefore, no evidence whatever to sustain an instruction, if correctly framed, by appellant, predicated upon the tender of a good bankable or solvent note. The instructions which were given by the court of its own motion and at the instance of respondent submitted all the issues fairly arising in this cause. The eight instructions offered by appellant either stated incorrect principles of law, or were wholly irrelevant to the issues under the facts in this record, and were properly refused. They are too voluminous to be set out *in extenso*, but they merely submitted the questions in the points already considered; and, as those points are without merit, the instructions were correctly refused.

The last point is as to the want of proper allegations in the statement before the justice. The state-

ment and affidavit are insufficient, neither averring a detention in the county; but, as the detention was unquestionably in the county and a retrial of the cause must necessarily lead to the same result, and as the statement could have been amended in the circuit court, and the court might have ordered its amendment even after verdict (*Dowdy v. Wamble*, 110 Mo. 280), we should not reverse the judgment on that ground alone, the case having been correctly tried in other respects, and a retrial necessarily leading to the same result. Our conclusion is that the judgment should be affirmed. All concur.