S. E. MACKEY, Appellant, v. WILLIAM F. JENKINS, Respondent.

Kansas City Court of Appeals, May 20, 1895.

1. **Chattel Mortgage:** DESCRIPTION: LOCATION. A description of household goods in a general way, as a bedstead, etc., and then in the residence of the mortgagor in Missouri, was not such a description as to include other goods then owned and stored by the mortgagor in another state.

2. ———: ———: INTENTION. That the parties intended the description to include not only the goods in the mortgagor's house, but other goods in another state, is immaterial and can not be shown as against the rights of third parties.

3. ———: ———. The mortgage must point out the subject-matter so that a third person, by its aid and aid of such inquiry as the instrument suggests, may identify the property.

*Appeal from the Jasper Circuit Court.*—HON. W. M. ROBINSON, Judge.

AFFIRMED.

*J. W. McAntire* for appellant.

(1) The *locus* must appear from the mortgage itself. This is done in this case, as the mortgage shows that the property is located on the premises of J. M.

and Anna C. Webster, in Joplin City, Jasper county, Missouri. Where that is done parol proof may be resorted to for the purpose of further identification. *Bozeman v. Fields*, 44 Mo. App. 435; *Rhutasel v. Stevens*, 68 Iowa, 627; *Campbell v. Allen*, 38 Mo. App. 27; *State ex rel. v. Cabanne*, 14 Mo. App. 294; *Bank v. Metcalf*, 29 Mo. App. 384; *Chandler v. West*, 37 Mo. App. 631. While upon cross-examination there was testimony deduced showing that the property was in New York at the time of the execution and acknowledgment of the mortgage, it is decided that the place where the property is located is governed by the mortgage itself. *Estes v. Springer*, 47 Mo. App. 99; *Wheeler v. Becker*, 68 Iowa, 723; *Mayer v. Keith*, 55 Mo. App. 161; *Springfield E. & T. Co. v. Glazier*, 55 Mo. App. 95. Parol evidence is admissible to identify the property. *Cattle Co. v. Ribley*, 37 Mo. App. 43, and cases cited; *Campbell v. Allen*, 38 Mo. App. 28; Herman on Chattel Mortgages, sec. 40; *Dunnings v. Stevens*, 9 Barb. 630; *Clapp v. Trowbridge*, 74 Iowa, 550; *Mfg. Co. v. Griffith*, 75 Iowa, 102; *Well Work v. Whinnery*, 76 Iowa, 400; *Luce v. Morehead*, 77 Iowa, 367.

*C. H. Montgomery* and *H. C. Lowrance* for respondent.

(1) The mortgage was given on one top bedstead, one gas stove, four barrels, etc., at that particular time located at a particular place. Not on a bedstead, etc., located in New York or Europe. The plaintiff can not take a mortgage on a bedstead with a definite location as the only description, and then hold any bedstead in the United States or Europe, which Webster might want protected from creditors, by swearing that this or that bedstead was the bedstead intended. *Mayer v. Keith*, 55 Mo. App. 161; *Cattle Co. v. Riley*, 37 Mo. App. 46,

47; *Hughes v. Menefee*, 29 Mo. App. 204; *Stonebrake v. Ford*, 81 Mo. 533; *Bozeman v. Fields*, 44 Mo. App. 434; *Chandler v. West*, 37 Mo. App. 634. (2) It matters not that Mackey and Webster, in their minds, may have intended to include the furniture then in New York. It wont do in such cases to give effect to such concealed intentions. *Mayer v. Keith, supra; Cattle Co. v. Belby*, 37 Mo. App. 46; *Coal and Min. Co* , 21 Mo. App. 168, 169. (3) The location is the only way to identify them. Parol evidence is proper to show what particular top bedstead, gas stove and barrels were on Webster's premises, as stated in the mortgage, but not to change the mortgage by showing that some property was intended other than that described. *Bozeman v. Fields*, 44 Mo. App. 434. (4) Parol evidence may aid the mortgage, not change it. *Bozeman v. Fields, supra.*

GILL, J.—The interested parties in this controversy are the plaintiff, Mackey, and the Joplin National Bank. Mackey brought replevin for certain household goods, which the defendant Jenkins, as constable, had in his possession, by virtue of the levy of a writ of attachment in suit instituted by said Joplin National Bank against one Webster. The basis of plaintiff's claim was a certain chattel mortgage executed by Webster, April 20, 1892, to secure a sum of money which he had, prior thereto, borrowed of Mackey. The substantial question is whether or not the property in controversy was covered by Mackey's mortgage, wherein it was described as "all the following articles of personal property, situated in the county of Jasper and state of Missouri, to wit:"—naming then various articles of household effects, such as a bedstead, gas stove, sideboard, etc., and then closing with, "all of said property is now in possession of J. M. Webster and Anna

C. Webster, on his premises, in said Joplin City, Jasper county, and state of Missouri."

It stands admitted that at the time Webster made the foregoing mortgage to Mackey, the goods in controversy were not at Webster's residence in Joplin, Missouri, but were stored in a warehouse in New York City, where they had been for a year or more, and that they were not brought out to Joplin until some months after the execution of Webster's mortgage. They were, it seems, first taken to Webster's Joplin residence, but subsequently stored in a wareroom at Joplin where they were attached by the Joplin National Bank, a creditor of Webster's.

Under this state of facts, the trial court declared that plaintiff had no lien on or interest in the goods, as against the attaching creditors of Webster, gave judgment for defendant, and plaintiff appealed.

The judgment of the lower court was clearly for the right party and it will not be disturbed. The naming of certain household goods, describing them in a general way as a bedstead, stove, sideboard, etc., *and as then in the residence of the mortgagor Webster at Joplin, Missouri,* was not such a description as could include other goods then owned and stored by said mortgagor in a warehouse in the city and state of New York.

Plaintiff seems to rely on the fact, as testified to by himself and the mortgagor, that they *intended* to include in the mortgage, not only the goods Webster had at the time in his house at Joplin, but those other goods which were then in store in New York. As was said by us in a parallel case: "It won't do in such cases to give effect to such concealed intentions. The mortgage on its face must give notice to third parties of such intentions, or else great fraud might be accomplished." * * It is true that parol evidence may be called in to explain the circumstances and thereby fit the

description, as given in the mortgage, to certain property intended to be mortgaged; but it is not permitted the mortgagee to show, as against third parties, whose rights had attached, that his mortgage, naming property of a certain description, covered or applied to property of a dfferent description." *Mayer v. Keith,* 55 Mo. App. 157; *New Hampshire Cattle Co. v. Bilby,* 37 Mo. App. 43.

The authorities are uniform "that the mortgage to be effectual must point out the subject-matter of it, so that a third person by its aid, together with the aid of such inquiries as the instrument itself suggests, may identify the property covered by it. The articles mortgaged must be of such nature and so situated as to be capable of being specifically designated and identified by the written description." *Chandler v. West,* 37 Mo. App. 635, and authorities cited; *Campbell v. Allen,* 38 Mo. App. 28.

There is no merit in the appeal and the judgment will be affirmed. All concur.