The J. H. North Furniture & Carpet Company,. Appellant, v. J. A. Davis et al., Respondents.

Kansas City Court of Appeals, November 7, 1898.

1. **Chattel Mortgage**: DESCRIPTION: GENERAL WORDS: LOCATION. The location of mortgaged chattels often becomes an important element in the description when such description is otherwise general, such as a marble top sideboard; and if such location is falsely stated it renders the description ineffective to impart notice and sufficiently advise the public.

2. ———: ———: RIGHTS OF PARTIES. Imperfect description will not render void a chattel mortgage as to the mortgagor or persons with actual notice or third parties having no interest, as subsequent purchasers, creditors and the like, but relying upon mere possession, especially if such possession is accompanied with notice.

*Appeal from the Ray Circuit Court.*—Hon. E. J. Broaddus, Judge.

Reversed and remanded.

Scarritt, Vaughan, Griffith & Jones for appellant.

(1) The description in the chattel mortgage is good as between the original parties. Dodson v. Dedman, 61 Mo. App. 209. (2) Where the rights of strangers without notice are not involved a specific description is not necessary. 5 Am. and Eng. Ency. of Law [2 Ed.], p. 963; Dodson v. Dedman, *supra;* Mfg. Co. v. Griffith, 75 Iowa, 102; 39 N. W. Rep. 214; Clapp v. Trowbridge, 74 Iowa, 550; s. c., 38 N. W. Rep. 411. (3) Chattel mortgages are not strictly construed by the courts, except when the interest of some "other person than the parties thereto" is involved. R. S. 1889, sec. 5176. Cases above cited. Bank v.

Bank, 50 Mo. App. 93; Johnson v. Jeffries, 30 Mo. 423. (4) The description in this mortgage would be good against *bona fide* purchasers without notice. Campbell v. Allen, 38 Mo. App. 31; State ex rel. v. Cabanne, 14 Mo. App. 295; 5 Am. and Eng. Ency. of Law [2 Ed.], p. 956; Jones on Chat. Mort. [2 Ed.], sec. 54, p. 51; 1 Cobbey on Chat. Mort., sec. 174 p. 2130. Cases cited. Jones on Chat. Mort., sec. 61, and cases cited. Adamson v. Fagan, 44 Minn. 489; Wardlaw v. Mayer, 77 Ga. 620; State ex rel. v. Althaus, 60 Mo. App. 122; 5 Am. and Eng. Ency. of Law [2 Ed.], p. 958; Harris v. Kennedy, 48 Wis. 500; Bank v. Bank, 84 Texas, 369.

LAVELOCK & KIRKPATRICK and F. P. DIVELBISS for respondent.

(1) The description of the sideboard in the chattel mortgage is too indefinite. The location of the property is just as essential as any other part of the description and it can not be contradicted. Jones on Chat. Mort. [4 Ed.], secs. 54a, 55; Cattle Co. v. Bilby, 37 Mo. App. 47; Chandler v. West, 37 Mo. App. 635; Mayer v. Keith, 55 Mo. App. 161–162; Mackey v. Jenkins, 62 Mo. App. 621–622; Adams v. Bank, 5 N. W. Rep. (Iowa) 705; King v. Howell, 94 Iowa, 208; Bank v. Oium, 3 N. D. 193. (2) In replevin, as in ejectment, the plaintiff must recover on the strength of his own title, and not on the weakness of that of his adversary. Teichman v. Bank, 27 Mo. App. 683; Updyke v. Wheeler, 37 Mo. App. 680; Kennedy v. Dodson, 44 Mo. App. 550; Rhoades v. McNulty, 52 Mo. App. 305, and cases cited. (3) The defendants were entitled to judgment for the value of the property when the demurrer to the evidence was sustained.

Norman v. Robinson, 47 Mo. App. 655; Rosentreter v. Brady, 63 Mo. App. 398; Stroud v. Morton, 70 Mo. App. 650.

GILL, J.—This is replevin brought by plaintiff to recover the possession of a sideboard found in a hotel at Richmond, Ray county; a demurrer to the evidence was sustained in the court below and plaintiff appealed. To sustain its case, plaintiff relied on a chattel mortgage executed by one Hyre, the former owner of the property, wherein it was described in a general way as "one marble top sideboard, being and situated in the county of Ray, state of Missouri," it being stipulated in the body of the mortgage that the mortgagor should not remove the sideboard from Richmond Hotel, Richmond, Missouri.

The evidence showed that when the mortgage was executed the sideboard in question was not in fact in Ray county, but was at that time in Kansas City; it was however subsequently shipped to Richmond in Ray county. The question then is, whether or not the general description of a *sideboard situated* CHATTEL mortgage: description: general words: location. *in Ray county, Missouri*, is sufficient to recover a sideboard at that time located in Kansas City—another part of the state. In dealing with the conflicting rights of the mortgagee and subsequent purchasers or creditors of the mortgagor, we have held that such description in the mortgage was insufficient. Mackey v. Jenkins, 62 Mo. App. 618. The *location* of chattels sought to be mortgaged often becomes an important element in the description, especially is it so when, as here, the description otherwise is so general. For example, a mortgage naming "a marble top sideboard," is so indefinite as to give little information to persons dealing with the mortgagor; but coupling with this

a statement as to the *location* of the property will often sufficiently advise the public. The purpose of the recorded mortgage is to give notice to third parties of the existing incumbrance so that they will not be deceived in dealing with the mortgagor. A general description of "a marble top sideboard" contained in the mortgage would often be ineffective to impart notice, but when *located* by the language of the instrument might be all sufficient. If however the location is *falsely* stated then the general words are not aided but are in fact rendered less efficacious. In our opinion then the description in plaintiff's mortgage, wherein "a marble top sideboard situated in Ray county, Missouri," is pledged can not be held as covering a sideboard at the time located in a distant city and county.

It does not follow however that the defendants here, should, by reason of the foregoing, recover in this case. This matter of imperfect description contained in the Hyre mortgage will not render it void as to the mortgagor, persons with actual notice, or third parties having no interest as subsequent purchasers, creditors and the like. Johnson v. Jeffries, 30 Mo. 423; Bank v. Bank, 50 Mo. App. 92; Dodson v. Dedman, 61 Mo. App. 209; Clapp v. Trowbridge, 74 Iowa, 550.

There is nothing in the evidence even tending to prove that these defendants are in any way interested in this sideboard—as subsequent purchasers attaching creditors or otherwise, so that they would "be prejudiced by giving effect to the deed." Johnson v. Jeffries, *supra*. Their assertion of right seems to be based solely on a bare possession. And more than this plaintiff's evidence tended to prove that the defendants had knowledge of the existence of the mortgage before they took such possession. As to the mortgagor and all

such persons above alluded to the description was sufficient.    See authorities above cited.

The trial court then erroneously sustained a demurrer to plaintiff's evidence, and the judgment must be reversed and cause remanded.    All concur.