OKLAHOMA CATTLE LOAN COMPANY, a Corporation, Appellant , v. RALPH W. WRIGHT, and W. D. MASON, Respondents.*

Kansas City Court of Appeals. February 9, 1925.

1. CHATTEL MORTGAGES: Where Mortgagee Consents to Sale of Mortgaged Property, He is Estopped to Claim Property from Purchaser Without Knowledge and Waives Lien Thereon. Where mortgagee consents to a sale of mortgaged property by mortgagor in possession, he is estopped to claim property from one who has purchased it without knowledge of mortgage, and waives his lien on property.

2. ———: Failure of Mortgagor to Comply with Conditions on Which Mortgagee Consented to Sale Will Not Affect Rights of Purchaser Without Knowledge. Failure of mortgagor to comply with conditions on which mortgagee consented to sale of mortgaged property will not affect rights of purchaser who does not participate therein or have knowledge thereof.

3. ———: Where Conditions of Sale, Consented to by Mortgagee, Were Unknown to Purchaser, Mortgage Lien was Waived as a Matter of Law. Chattel mortgage providing unconditionally against sale and removal of mortgaged property from county, where mortgage was recorded, without mortgagee's consent, may be waived, and where conditions upon which mortgagee consented to sale were unknown to purchaser, lien of mortgage was waived as a matter of law, even though mortgage was recorded.

*Corpus Juris-Cyc. References; Chattel Mortgages, 11 C. J., p. 624, n. 35 New; p. 625, n. 47.

Appeal from the Circuit Court of Jackson County.
—*Hon. Allen C. Southern,* Judge.

AFFIRMED.

*Borders & Davis* for appellant. ·

*C. G. Myers, C. F. Snerly* and *Amos Townsend* for respondents.

BLAND, J.—This is an action for damages for the alleged conversion of 270 head of calves. At the close of plaintiff's evidence the court indicated that he would give an instruction in the nature of a demurrer to the evidence. Plaintiff took a non-suit with leave to move to set the same aside. Thereafter plaintiff's motion to set aside the non-suit was overruled and plaintiff has appealed.

The facts show that plaintiff is a corporation with offices at Oklahoma City, Oklahoma, and is engaged in the lending of money to livestock raisers; that defendant. Wright, is a livestock commission merchant at the stock yards in Kansas City, Missouri, and that defendant, Mason, is a farmer and stock raiser, living near Mexico, Missouri. On the 1st day of March, 1922, plaintiff lent to one Sumner, a farmer and stock raiser of Lynn County, Texas, $28,000, taking three notes therefor, secured by a chattel mortgage on several hundred head of cattle and calves located in said county. The mortgage was properly recorded as provided by the Texas law. The mortgage contained provisions prohibiting the removal of the livestock from its present location in Lynn county "until the full payment of the indebtedness hereinafter described, unless sooner marketed or removed by and with the written consent of the mortgagee or assigns," and provided against the selling of, or attempting to sell, the stock except in conformity with the mortgage. On September 15, 1922, the mortgage was renewed and recorded securing a total indebtedness of $35,571.40.

During the summer of 1922, plaintiff, desiring to have the amount of the mortgage reduced, urged Sumner to market his stock and the latter made several sales of the stock described in the mortgage. These sales, how-

ever, were made after consultation with plaintiff as to the opportuneness thereof. On July 17, 1922, without consulting plaintiff, Sumner entered into a contract with one Brooks Hail, a buyer of stock in the vicinity, to sell his calves for delivery on the first day of November following. It was provided in the contract that the calves were to be loaded on cars in good merchantable condition. Hail paid in cash $1750 of the purchase price as earnest money. At this time Sumner wrote plaintiff informing it of the sale and enclosing Hail's check in said sum. The terms of the contract between Sumner and Hail were not made known to plaintiff, it merely being advised as to the sale price and the date of delivery. On receipt of the check plaintiff wrote Sumner expressing its approval of the sale and the check was forwarded by plaintiff to a bank at Plainview, Texas, on which it was drawn, for collection. In due time this check was paid and the proceeds remitted to plaintiff, which credited the notes of Sumner with the amount.

The calves were delivered to Hail on the 16th day of November, 1922. The next day Sumner wrote plaintiff stating that he had delivered 270 head of the calves to Hail and enclosed in the letter Hail's check in the sum of $3,650, being the balance of the purchase price of the calves. Plaintiff did not object to the sale and delivery of the calves but forwarded the check to a bank in Plainview, Texas, for collection. There was testimony that plaintiff carried this check as a collection item and not as cash, and that the amount was never credited on Sumner's notes for the reason that the check was not paid. As was plaintiff's custom in transactions of this character, a partial release of the mortgage was attached to this second check releasing from the lien of the mortgage the 270 head of calves that had been sold by Sumner to Hail. This release was never delivered and, of course, not recorded, as the check was dishonored.

There was testimony unobjected to that there was a custom in that part of Texas when calves are sold for the purchaser to take them to his ranch for pasture, the

calves remaining in the vicinity where sold. Hail shipped the calves to defendant, Wright, in Kansas City, who sold a part of them to defendant, Mason, Wright acting as a commission merchant. Wright deposited the proceeds of the sale in a bank to the account of Hail. On November 28, 1922, shortly after plaintiff for the first time found that the calves had been removed from Lynn county, Texas, and shipped to Kansas City, plaintiff wired Wright that the calves were mortgaged and that it expected Wright to hold "value these calves protect yourself accordingly." This telegram was received after the calves were sold by Wright. At the time they were sold Wright had no knowledge that there was any mortgage upon them unless the mortgage in Texas was constructive notice of that fact.

One of plaintiff's officers testified to the effect that it was the intention of plaintiff not to release the calves from the lien of the mortgage until such time as they were actually paid for, that plaintiff did not expect to look to an innocent purchaser of the calves unless Hail did not pay for them.

Of course, the law is well settled, and we do not understand that it is contradicted, that a mortgagee who gives his written or verbal consent to the mortgagor in possession of the mortgaged property to make an absolute sale of the property, is estopped to claim the property from one who has purchased it without knowledge of the mortgage, and waives his lien on the property. [DeWitt v. Syfon, 211 S. W. 716, 719; Gorin Savings Bank v. Early, 260 S. W. 480, 482.]

Plaintiff states its contention as follows:

"We desire it strictly understood that we do not question but that the law is that a mortgagee waives all of his rights under the mortgage where he consents unconditionally to a sale of the mortgaged property. And this is true, whether the consent be oral or written or shown by actions of the parties. We do, however, seriously contend that the law is that, where the mortgagee consents only conditionally to a sale of the mortgaged

property, his rights under the mortgage are not lost or waived until and unless the terms of the condition are fully complied with.''

And plaintiff admits that it consented to the sale of the calves but states that its consent was upon two conditions; the non-removal of the calves from Lynn county, and the payment in full of Hail's check. Without passing upon the question as to whether in accepting the proceeds arising from the sale of the calves, if it was accepted, with knowledge of the derivation of said proceeds and that the calves had been sold, plaintiff is not now estopped from asserting any claim against defendants, who are bona-fide purchasers, we think there is no merit in plaintiff's contention. While it has been held that where a mortgagee's consent to a sale of the mortgaged property by the mortgagor is given on condition, the condition must be performed in order to render the consent a waiver of the mortgage lien as between the parties or in favor of the purchaser who was a party to the condition or had knowledge thereof (Dodson v. Dedham; 61 Mo. App. 209; St. Louis Drug Co. v. Robinson, 81 Mo. App. 18), the failure of the mortgagor to comply with the condition will not affect the rights of a purchaser who does not participate therein or have knowledge thereof. [Tucker v. Mann, 124 Ga. 1003; New England Mortgage Security Co. v. Great Western Elevator Co. (S. D.). 71 N. W. 130; Flenniken v. Scruggs, 15 S. C. 88; Minneapolis Threshing Machine Co. v. Calhoun (S. D.), 159 N. W. 127; Rusk County Lumber Co. v. Meyer (Tex.), 126 S. W. 317.]

However, it is insisted that defendants had constructive knowledge of the conditions of the sale because the mortgage provided that the cattle should remain in Lynn county, Texas, until full payment of the indebtedness unless sooner marketed or removed by and with the written consent of the mortgagee, and in this connection it is insisted that the mortgage was not paid in full and the calves in question were not marketed or removed either with the written or oral consent of the

mortgagee, and that as no release of the calves had been recorded, defendants knew that they had not been re leased. But this contention wholly ignores the doctrine of waiver and estoppel applicable in cases of this kind. Of course, the usual chattel mortgage provides unconditionally against the sale and removal of the mortgaged property, yet it is universally held, as will be seen from the authorities that we have cited, supra, that this provision may be waived. If there can be a waiver of such a provision, certainly there can be a waiver of a provision against a sale and removal upon condition. The conditions, if any, laid down by plaintiff to Sumner, not being known to defendants, the lien of plaintiff's mortgage was waived as a matter of law. There was nothing to submit to the jury and the action of the court was proper.

The judgment is affirmed. All concur.