THE EXCHANGE NATIONAL BANK OF JEFFERSON CITY, A CORPORATION, APPELLANT, v. JOHN HINKEL, RESPONDENT.—171 S. W. (2d) 104.

Kansas City Court of Appeals.   April 5, 1943.

*Ragland, Otto & Potter* and *Leon P. Embry* for appellant.

1158

*J. B. Gallagher* and *Roy D. Williams* for respondent.

SHAIN, P. J.—In this case the plaintiff seeks to recover from defendant, by action in replevin, a one-half ton Dodge pickup truck.

It appears that one John H. Bunch, a dealer of motor cars, formerly in Jefferson City, Cole County, Missouri, but at the time herein involved, in California, Moniteau County, Missouri, sold to John Hinkle, the defendant, the aforesaid truck for cash. At the time of sale, said truck being new, no certificate of title had been issued. It appears that prior to and after the removal of sales location of John H. Bunch to California, Missouri, the plaintiff, a banking corporation, extended credit to the said John H. Bunch. Said Bunch was a dealer in both new and used motor trucks. To secure the plaintiff for money loaned, the said Bunch would execute a chattel mortgage on said trucks

to the plaintiff and in the case of used trucks, where certificates of title had been issued, said certificates were deposited with plaintiff.

The record discloses but one instance other than the one involved herein, where new trucks for which no certificates of title had been issued, were involved.

As to residence of said Bunch it appears, at least it is not contradicted, that his residence was in Cole County, Missouri, and the chattel mortgages given by Bunch to the plaintiff were duly filed in Cole County, Missouri.

Plaintiff's statement and application in replevin were in due form, asking for possession of the truck and for $50 damage for taking and detention.

Issues were joined by defendant filing answer of general denial, and further answering alleging that said truck, being a new truck, and pursuant to motor vehicle laws not registered, and that defendant paid full value for same and received a bill of sale on prescribed form, and received a certificate of title for said truck under the Motor Vehicle Laws of Missouri; that the defendant was the owner of said truck as an innocent purchaser thereof for value without notice or knowledge of any purported claim of plaintiff, and is entitled to possession of same.

Defendant further answers:

"For further answer defendant is advised and believes that plaintiff is asserting some claim or right to said truck by reason of a purported chattel mortgage, reputed to have been executed by the Bunch Motor Company, a dealer, and, if so, defendant states that such a purported chattel mortgage is null and void, is fraudulent and unenforcible and plaintiff is estopped from asserting any claim, right or title under the same, and that plaintiff cannot recover against defendant, for the following reasons, to-wit:"

Thereafter, defendant, further answering, raised question as to the validity of plaintiff's claim by alleging failure of plaintiff to follow statutory provisions provided in Sections 8382, 8404, Revised Statutes Missouri 1939. However, the defendant prosecuted its defense in the trial court on issue of plan or course of business followed by plaintiff in its dealing with Bunch, the auto dealer. As to the same, defendant alleges as follows:

"That plaintiff, over some considerable period of time, had a plan and course of business of financing the Bunch Motor Company, before and during the time the said Bunch Motor Company was doing business in the City of California, Moniteau County, Missouri, by extending credit to it in a sum not exceeding $8000; that the said Bunch Motor Company was a dealer in motor vehicles and gave checks on the plaintiff bank from time to time which were honored and paid by plaintiff; that the Bunch Motor Company executed purported chattel mortgages to plaintiff from time to time to secure a part of

all of such credit; that the personal property covered by said chattel mortgages consisted largely of motor vehicles; that plaintiff by its course of business with the Bunch Motor Company permitted said company to retain possession of all of the personal property covered by said purported chattel mortgages with the power to sell and dispose of same in the ordinary course of business of said Bunch Motor Company for the benefit of said Bunch Motor Company and the plaintiff; that pursuant to said general course of business the said Bunch Motor Company acquired the said truck in controversy and disposed of the same to this defendant and collected the proceeds of purchase price from this defendant for the use and benefit of said Bunch Motor Company and the plaintiff, and defendant states that by reason of such plan or course of business the plaintiff has waived any lien it may have had upon the truck in controversy by reason of said purported chattel mortgage."

Defendant further alleges as follows:

"That said purported chattel mortgage is null and void, fraudulent as to innocent purchasers for value without notice, and that plaintiff is estopped from asserting any claims or right to said truck under the same."

Plaintiff, in its reply, made general denial to allegations in defendant's answer.

The suit was originally filed in Moniteau County, Missouri, and on change of venue sent to Morgan County, Missouri, where trial was to a jury, resulting in jury verdict for defendant. Judgment was in accordance with the verdict and plaintiff duly appealed.

We will continue to refer to the parties as plaintiff and defendant, to conform to the situation in the trial court.

### OPINION.

Plaintiff assigns as error, failure of the trial court to give directed verdict in its behalf, permitting witness Haldiman to testify that he heard Mr. Bosch, assistant cashier of plaintiff's bank, say that Mr. Bunch had a right to sell the truck, permitting Mr. Gates to testify that Mr. Bunch told him that the bank had an arrangement with Mr. Bunch where Mr. Bunch had a right to sell the car. Further assignment charges error in refusing to give plaintiff's offered Instruction P-2 as offered, and in modifying said instruction and giving same as modified. Further assignment charges error in action of the court in giving of defendant's Instruction D-3.

As going to question of refusal to give directed verdict for plaintiff, the evidence is conclusive as to the execution of chattel mortgage and the due filing of the same in Cole County, Missouri.

The evidence is conclusive to the effect that the truck in question was a new truck and was in the sales room of Mr. Bunch in California, Moniteau County, Missouri, with nothing on file in Moniteau County,

and with no distinguishing features there present to place a purchaser on his guard.

The evidence is conclusive that defendant had no actual knowledge of the loan of plaintiff to Bunch and that defendant had no actual knowledge of the existence of the chattel mortgage, or that any chattel mortgage on the truck was on file in Cole County, Missouri.

Mr. Paul Bosch, assistant cashier in charge of the loan department in plaintiff's bank, testified that he knew that Mr. Bunch was going to have a garage in California, Missouri, and that he was going to have the auto truck in issue in the California, Missouri, garage for sale and that Mr. Bunch had the car in the California garage for the very purpose of making sale thereof.

The following questions and answers appear in Mr. Bosch's testimony:

"Q. (By MR. WILLIAMS) Then you expected him, after he sold the car, to pay you the money? A. Absolutely.

"Q. (By MR. WILLIAMS) I believe you said that he was to sell the car and to give you the money; is that right, that is what you said? A. To sell the car (interrupted).

"Q. And give you the money. A. Was to pay the mortgage."

Further questions and answers also appear:

"Q. Then you expected him to do that though, sell the car and bring you the money? A. Sure.

"Q. That is what you had been doing, the way you had been doing business with him for a long time?

"Q. (By MR. WILLIAMS) He had been doing business with the bank for a long time in this way, had he not, by selling the cars and paying you the money? A. Yes, sir.

"Q. (By MR. WILLIAMS) You knew he was taking it to California? A. Yes, sir.

"Q. (By MR. WILLIAMS) You knew he was going to sell it? A. Yes, sir.

"Q. (By MR. WILLIAMS) And the agreement was that he was going to pay the money to the bank; that is right, wasn't it? A. The agreement was what?

"Q. (By MR. WILLIAMS) That he was going to sell it and pay the money to the bank? A. He was to pay off the mortgage; yes, sir."

Much of the record herein consists of interrupted inquiry of witnesses, offered by defendant, to establish the plan or course of business between John Bunch, the car dealer, and the plaintiff bank.

The deposition of John Bunch was offered by defendant and was permitted to be read under reservation of right of plaintiff to interpose objections. The record of this proceeding covers 102 pages, over one-half of which consists of hundreds of objections made on behalf of plaintiff, and overruled by the court. The futility of such augmentation of the record is made manifest by the fact that plaintiff

does not assign as error the ruling of the court on any ruling in respect to said deposition.

The testimony of John Bunch is illustrative of the oft repeated results arising from misplaced confidence. A good line of credit was given by plaintiff to dealer Bunch. The plaintiff had such faith in him as to allow him to take his stock of goods to another city, in another county, and place them on sale, there to make the sale and collect the money, and trusted to his honesty to thereafter. bring the money to the bank and pay off such obligation as was owing the bank.

Mr. Bosch, assistant cashier in charge of the loan department, testified that he knew the car in question was in California, Missouri, in the sales room; that he knew Bunch was going to sell same, and that he expected Mr. Bunch would pay the money to the bank.

We conclude that there is substantial evidence shown in the record of this case from which it is reasonable to infer that after the execution by Mr. Bunch of the chattel mortgage to plaintiff, there was consent on the part of the plaintiff for Bunch, the mortgagee in possession, to make an absolute sale of the truck in issue.

We conclude, therefore, that the trial court was not in error in refusing to direct a verdict for plaintiff. [Dewitt v. Syfon, 202 Mo. App. 469, 211 S. W. 716, 719; Gorin Savings Bank v. Early (Mo. App.), 260 S. W. 480, 482; Oklahoma Cattle & Loan-Co. v. Wright et al., 219 Mo. App. 157, 160, 268 S. W. 714; Kansas City Court of Appeals-Van Sant v. Live Stock Comm. Co., 295 S. W. 506, 508; Rogers v. Davis, 194 Mo. App. 378, l. c. 388, 184 S. W. 151.]

As to the testimony of Mr. Haldiman, objected to by plaintiff, when Mr. Haldiman, sheriff of Moniteau County, was on the witness stand for plaintiff, he was asked and answered as follows:

"Q. You know Mr. Bosch, do you? A. I met him.

"Q. Did you hear him testify? A. Yes, sir.

"Q. Did you hear him say that Mr. Bunch had a right to sell the car that was sold to Hinkel? A. Yes, sir."

As to the testimony of Mr. Gates, prosecuting attorney of Moniteau County, he testified that he had had several conversations with Mr. Bosch and asked him about the business transactions there at the bank. The following question and answer appear in the testimony of Mr. Gates:

"Q. (By Mr. Williams) Did Mr. Bosch tell you that the bank had an arrangement with Mr. Bunch whereby Mr. Bunch had a right to sell the cars? A. He did."

The following also apears in Mr. Gates' testimony:

"Q. Did you hear him say on the stand that Mr. Bunch had a right to sell this car? A. That was his statement."

As to the above testimony of Haldiman and Gates, the same is objectionable as to hearsay and as to being conclusion. However, the testimony of Mr. Bosch being to the same effect as to the conduct of

business as conducted between the bank and Bunch, we conclude that the same does not constitute such error as justifies a reversal of the judgment. [Gorin Sav. Bank v. Early, 260 S. W. 480; Buffalo Trust Co. v. Producers' Exchange No. 148, California, Missouri, 23 S. W. (2d) 644.]

Plaintiff's complaint as to its Instruction P-2, is based upon change made in the same by the trial court before giving the same. The instruction, as originally offered, directed a verdict upon finding of giving of chattel, filing of record, and default in note.. The court added, "unless you find the facts to be as stated in Instruction No. D-3, which immediately follows this one."

Instruction D-3 directed a finding for defendant if the jury found the facts to be that it was and had been the practice of the bank in financing Bunch by making loans and taking chattel mortgages on motor vehicles and permitting Bunch to retain custody, control, care and management of same, and to sell the same in the course of business as a dealer and to pay the loans to plaintiff from the proceeds of sale of the mortgaged vehicle, and further find and believe that defendant purchased in due course of business and paid the consideration without knowledge of any lien or chattel mortgage, and to so find regardless of the fact that plaintiff had chattel mortgage, and that it was the duty of Bunch to pay the purchase price to plaintiff and failed to do so. .

We conclude against plaintiff on its claim of error in aforesaid instruction. The judgment is affirmed. All concur.