THE STATE OF NEBRASKA, EX REL. S. HY. SORNBERGER, V. J. H. GURNEY, CO. JUDGE OF ANTELOPE COUNTY.

County Judge : DISQUALIFICATION. The disqualification from acting on the part of a probate or county judge mentioned in sections 3 and 35 of chapter 20, Comp. Stat., does not extend to such official acts of said judges as are merely ministerial, such as filing papers and issuing process.

ORIGINAL application for mandamus.

S. Hy. Sornberger, pro se.

J. H. Gurney, pro se.

COBB, CH. J.

The question presented in this case is, whether a county judge who is also a practicing attorney at law can refuse

to issue a summons and order of replevin in a case within the jurisdiction of the county court upon an application properly made to him, for the reason that he has been engaged as attorney to foreclose a chattel mortgage on the same property by another party.

Section 2, of chapter 20, of the Compiled Statutes, provides that, "Probate judges in their respective counties shall have and exercise the ordinary powers and jurisdiction of a justice of the peace, and shall in civil cases have concurrent jurisdiction with the district court in all civil cases in any sum not exceeding five hundred dollars exclusive of costs, and in actions of replevin where the appraised value of the property does not exceed that sum; and the provisions of the code of civil procedure relative to justices of the peace shall, where no special provision is made by this subdivision, apply to the proceedings in all civil actions prosecuted before said probate judges." By the provisions of a subsequent act the said jurisdiction is increased to the sum of one thousand dollars. Id. Laws 1883, Ch. XXXVIII. Section 3 of said chapter provides that, " The courts of probate in their respective counties shall have exclusive jurisdiction of the probate of wills, the administration of estates of deceased persons, and the guardianship of minors, insane persons, and idiots; *Provided*, No judge of probate shall act in any case or matter where he is next of kin to the deceased, nor where he is legatee or devisee under a will, nor where he is named as executor or trustee in a will, or is one of the subscribing witnesses thereto, nor where he is related to any party in interest in any case before him by consanguinity or affinity, or has such an interest therein as would exclude him from acting as a juror in such case or matter, or where he has acted as attorney or counsel in any case or matter before him."

Section 35 provides, " When any probate judge shall be disqualified from acting in any cause or matter before him,

or is temporarily absent from the county, the county com-. missioners may appoint a competent and disinterested per-. son to act in place of such judge, in such case or other matter, during such absence or disqualification."

Section 20 of said chapter provides that, "All writs, cita-. tions, and all process in civil actions issuing out of any probate court shall be under the seal thereof, and be signed · by the probate judge."

It will thus be seen that the statute recognizes the exist-. ence of cases in the probate court in which the probate judge is disqualified from acting in his judicial capacity by reason of his having acted as attorney or counsel therein,. and has provided for the appointment of persons to tem-. porarily perform such services, but such disqualification, does not, either by the letter of the statute, nor in the nature of the duty to be performed, apply to the acts or du- ·ties of such judges as are merely ministerial, such as the issuing of an order of replevin.

Were the view of the law urged by the respondent cor- rect, that the fact of his having been engaged as attorney by a party in interest in the property sought to be re- plevied rendered him disqualified to issue the summons. and order of replevin demanded by the relator, then it would follow that the law would not permit a probate judge to act as attorney, and thereby close the doors of this. most popular court of justice to such suitors as he might be retained against. For it should be borne in mind that it must be "a cause or matter before him" in which he must be "disqualified from acting" before the county com- missioners may appoint a competent person to act tempora-. rily in place of such judge.

It follows from the above considerations that a peremp-. tory mandamus must issue commanding the respondent to receive the affidavit of the relator and docket the cause. as required by him, and issue the summons with the addi- tions thereto, as required by statute. Thereafter such pro-.

ceedings may be had in the case as are provided for by law.

WRIT ALLOWED.

THE other judges concur.