No. 2389.

SMITH BROTHERS *v.* J. T. HARDIN.

1. JURISDICTION.—Though original jurisdiction is conferred by the Constitution on the district court over causes which the county judge is disqualified to try, such suits may be begun in the county court.
2. SAME.—When the suit is brought in the county court during the disqualification of the county judge, and is transferred to the district court, the original jurisdiction of the district court at once attaches, and the cause proceeds as if originally instituted there—in such case the jurisdiction of the district court is original and not appellate, and the cause may proceed to trial on the original petition.

APPEAL from Brazoria. Tried below before the Hon. William H. Burkhart.

Suit begun by appellees on the twenty-sixth day of January, 1886, by filing an original petition in the county court of Brazoria county setting up the execution by appellants of a check for three hundred dollars sued upon in favor of one Brinkley, who was made a party defendant with appellants; the endorsement of check by Brinkley to appellees; the exercise of due diligence by them in presentation of same for payment to the City Bank of Houston, upon which it was drawn; that payment was refused; the protest by a notary public of said check against the makers and endorser thereof, as well as all others whom it might concern, and the mailing by the notary of the proper and legal notices required by law to the parties respectively interested of the protest of the check for non-payment and the

refusal of appellants to pay. On February 17, 1886, an order was taken in the county court transferring the cause to the district court for the reason that "the county judge is the brother-in-law of T. L. Smith, who is a member of the firm of Smith Bros." The original petition and other papers in the cause were filed in the district court on the nineteenth day of April, 1886. Nothing more was done until the third day of June, 1886, when appellees, in vacation, filed an amended original petition setting up nothing materially different from the allegations of the original petition, and caused the issuance of citation on June 3, 1886 (as had been done in the county court on January 26, 1886), requiring the appellants to appear at the next regular term of the district court, giving time and place of holding same, to answer to the original petition filed therein April 19, 1886, and the amended petition of June 3, 1886.

On June 18, 1886, appellants filed motion to dismiss and plea in abatement, setting up that the district court having original jurisdiction of the cause at the time of institution of same in the county court on January 26, 1886, by reason of the relationship existing between the judge of the county court and T. L. Smith, a member of the firm of Smith Bros., that the suit should have been brought directly in the district court; and since the county court had no jurisdiction of the cause, the district court could acquire none by reason of the transfer. Answer by general demurrer, special exception to charge of three dollars and fifty cents costs of protesting the check, general denial and charge of laches and neglect on the part of appellees in not collecting check. All of these dilatory pleas were overruled by the court, and on the issue raised by the general answer, the court trying the case without a jury, gave judgment for appellees.

Appellant assigned for error that the court erred in overruling the several pleas to the jurisdiction of the district court, motion in arrest, and for new trial, and in deciding that said cause was properly in said court.

*Hickey & Ballowe*, for appellants: On their proposition that the district court can acquire jurisdiction by reason of transfer from the county court, because of disqualification of the county judge, of only such cases as are pending in his court at the time of his induction into office; and that the original petition filed in the county court January 26, 1886, is addressed to the Hon. H.

Masterson, who was *then* the presiding judge, cited Constitution, article 5, section 16.

On their proposition that, if the county court had no jurisdiction of the cause, the district court acquired none by virtue of the transfer and proceedings subsequently had in the district court in said cause, although it was a case of which the district court had original jurisdiction, they cited Timmons v. Bonner & Long, 58 Texas, 554.

*Eugene J. Wilson*, for appellee, suggested delay, and asked affirmance with damages.

WILLIE, CHIEF JUSTICE. There is nothing in the Constitution forbidding a suit, in which the county judge may be disqualified, to be brought in the county court. It gives the district court original jurisdiction of such causes, but does not take jurisdiction from the county court; for it provides for their transfer in case they should have been instituted in that court. This is the proper direction for such suits to take, if brought in the county court when its judge is disqualified. When this is done, the original jurisdiction of the district court attaches immediately, and the cause proceeds as if originally instituted there. Even if this suit had been improperly begun in the county court, it reached its proper forum when transferred to the district court; and there was no necessity to dismiss it from the latter for the sole purpose of beginning it anew therein, and placing it in the same condition it was in at the date of dismissal. The case is . different from that when a suit reaches a court by appeal from another tribunal. Then the jurisdiction depends upon the power of the lower court to hear and determine the cause. But the district court was the only court that could hear and determine this suit. The jurisdiction exercised was original and not appellate. The county court could receive but not retain the cause. The only order it could make was to transfer it, and this was done, and the original jurisdiction of the district court brought into existence by one of the means provided by the Constitution. We think the cause might have been tried upon the original petition, and there was no necessity for the amendment. But if the court had no right to proceed with the cause upon the transfer from the county court, it certainly could do so upon the amended petition. This set up everything necessary to bring the cause within the jurisdiction of the district court,

and from the date of its filing that court had undoubted juris-diction, under that provision of the Constitution by which this is directly conferred when the county judge is disqualified. It mattered not that the petition claimed to have been filed by leave of the court. Such a recital as this, or any other, was unnecessary and could not vitiate. The petition showed on its face that it was a proper proceeding in a proper court. Legal process issued upon it which was properly served, and every-thing necesssary in the way of pleading and parties was before the court, and it rightly proceeded to determine the cause. The appellant Brinkley says that, by reason of the manner in which jurisdiction was claimed, he was deprived of his right to plead as indorser; that the suit was not brought to the first term of the court after the cause of action accrued. But it seems that the amended petition was filed to the proper term; and, if not, the note was duly protested, and this did away with the neces-sity of a suit to the first term to fix the liability of the indorser. There is no error in the judgment, and it is affirmed, but with-out damages for delay.

*Affirmed.*

Opinion delivered March 8, 1887.