HONORA GALVIN v. J. F. DAILEY, Appellant.

**Service of Original Notice:** RESIDENCE OF MARRIED WOMAN: *Desertion.* The residence of the husband is the residence of the wife for the purpose of serving her with notice of action, though she has left him, it not appearing that she had sufficient legal grounds for a final separation from him, or that, when she left him she intended the separation should be permanent, and she having afterwards returned to him.

CONTRADICTION OF RETURN. The return of an officer that he served the notice of action on a married woman by leaving a copy at the residence of and with her husband, that being her usual place of resi-

dence, is not overcome by the testimony of a witness, given seventeen years thereafter, on his unaided recollection, that her husband was not then at the place where he and his family usually resided, but at the house of a neighbor.

**New Trial:** UNAVOIDABLE CASUALTY AND MISFORTUNE. There is "unavoidable casualty or misfortune," preventing one from defending an action against her in justice's court, so as to authorize a new trial, under Code section 4091, subdivision 5, where she was unable to write, and did not sign the notes sued on, but her name was affixed with the knowledge, concurrence, and procurement of her husband, and she had left her husband because of his habitual drunkenness and failure to support her, and was in another state, and the notice of action was merely left with her husband, she having no knowledge of it.

*Appeal from Mitchell District Court.*—HON. J. F. CLYDE, Judge.

TUESDAY, OCTOBER 17, 1899.

ACTION in equity to have set aside a judgment and a sale of land made thereunder, and for general equitable relief. There was a hearing on the merits, and a decree, from which both parties appeal, the appeal of the defendant having been first taken.—*Modified and affirmed.*

*Sweeney & Lovejoy* for appellant.

*Geo. E. Marsh* and *J. M. Moody* for appellee.

ROBINSON, C. J.—On the 16th day of February, 1880, the defendant obtained in justice's court a judgment against the plaintiff and her husband, Mat Galvin, for the sum of thirty-one dollars and twenty-five cents and five dollars costs. The judgment was founded on two promissory notes, which purported to have been signed by the plaintiff and her husband, and upon an account. On the 23d day of July, 1896, the defendant filed in the office of the clerk of the district court a transcript of the judgment, and caused an execution to be issued thereon, and a tract of land owned by the plaintiff, containing forty acres, was sold in October, 1896,

to satisfy the execution, and in October, 1897, a sheriff's deed for the land was executed, and delivered to the defendant. The plaintiff alleges that she did not sign nor authorize her name to be affixed to either of the notes, and denies under oath that her signature is made on either note. She alleges that she was never indebted to the defendant on either note or on the account; that the judgment was procured by fraud and collusion on the part of the defendant and her husband; that the plaintiff never had any notice of the action in justice's court, and did not appear thereto in person nor by attorney, and had no knowledge that judgment had been rendered against her until March, 1896; that when the original notice was served she was not a resident of Mitchell county, in which the judgment was rendered, but of Decatur county; that the return on the original notice states that it was served on her in Douglass township, in Mitchell county, by leaving a copy thereof with Mat Galvin at his residence in that township, but that the plaintiff was not a member of his family at that time, having separated from him prior thereto, with no intention of returning to live with him; that the service on Mat Galvin, by leaving with him a copy, was not made at the place where he and the plaintiff resided prior to their separation, but at the house of a neighbor. The plaintiff asks that the judgment and sale thereunder and sheriff's deed be set aside; that, in case she is not entitled to such relief, she be permitted to redeem from the sale, and for general equitable relief. The defendant denies the allegations of the petition which tend to show that the plaintiff was not liable on the indebtedness on account of which the judgment was rendered, and which tend to show that the judgment is invalid as to the plaintiff, and avers that the whole or larger part of the indebtedness was incurred for family expenses, for which the plaintiff is liable. The defendant denies that the plaintiff is entitled to redeem from the sheriff's sale, although he offered to convey the land to her upon the payment by her to him of the amount of the

judgment, with interest, costs of execution, and costs of this action, and a reasonable attorney's fee; on condition, however, that the offer be accepted before the decree should be entered. The defendant asks for judgment for costs, or if the judgment be found to be invalid as to the plaintiff, that the land be subjected to the payment of the judgment, and. for general equitable relief. The district court found that fraud in obtaining the judgment had not been shown; that the evidence in behalf of the plaintiff in regard to the service of the original notice was not sufficient to overcome the return of the officer who served it; but that the plaintiff was prevented from defending in the action by "unavoidable casualty or misfortune," and that a new trial on the claims of the defendant should be given her. The decree provided that the judgment sale and sheriff's deed be set aside, and that the plaintiff have a new trial on the defendant's alleged causes of action. It was further provided that the defendant recover of the plaintiff on the causes of action in controversy the sum of fifty-eight dollars and interest, and that the judgment for that amount be a lien on the land in question; that the plaintiff pay the costs of the execution theretofore issued, and of the sale thereunder, with interest from the date of the sale, and two-thirds of the cost of this action, and that the defendant pay one-third of such costs. The defendant appealed from so much of the decree as set. aside the judgment of the justice, the sale, and sheriff's deed, and also from so much as granted a new trial, and. reduced the amount of the defendant's recovery, and taxed a part of the costs to him. The plaintiff appeals from so much of the decree as allowed a recovery against her, including the taxation of costs.

I. The conclusion of the district court that fraud on the part of defendant in obtaining the original judgment is not shown has ample support in the record. The evidence in regard to the residence of the plaintiff and the service of the original notice is substantially

as follows: The notice was served on the 10th day of February, 1880. In the latter part of the year 1879 the plaintiff left her home in Mitchell county, taking with her clothing and a daughter twelve years of age, and went to Decatur county, where she stayed with a sister, not intending to return. She states that she left her home because she could not stay there on account of the drinking habit of her husband, and because he did not contribute to her support. In the latter part of April, 1880, she returned to her home in Mitchell county, and she and her husband again lived together there. She had no actual knowledge of the action in the justice's court, and did not appear therein, and did not know of the judgment until in the year 1896. It is the general rule that the domicile of the husband is, in law, the domicile of the wife, excepting in proceedings for divorce. *Kline v. Kline,* 57 Iowa, 386; 10 Am. & Eng. Enc. Law (2d ed.) 32; Schouler Domestic Relations, section 37. The evidence does not show that the plaintiff had sufficient legal ground for a final separation from her husband, nor are we satisfied that when she left him she intended that the separation should be permanent. That it was not permanent is shown beyond controversy, and we are of the opinion that her residence at the time the original notice was served was, in law, at the place of her husband's residence. It is said that the husband was not at his usual place of residence when the original notice was served on him, but at the house of a neighbor. On that point we have the return of the officer, which states that he personally served the notice on the plaintiff "by leaving a copy of the same at the residence of Mat Galvin, in Douglass township, Mitchell Co., Io., with Mat Galvin, a member of her family over the age of fourteen years, that being her usual place of residence, and that said Honora Galvin could not be found in Mitchell county, Iowa." Mat Galvin and the officer who served the notice are dead, and the evidence that the notice was not served at the usual place of residence of

Mat Galvin is found in the testimony of one witness, who states that he was present when the service was made, and that Mat Galvin was not then at the place where he and his family usually resided, but at the house of a neighbor, three-fourths of a mile distant. It thus appears that we have the evidence furnished by the return of the officer made at the time the notice was served contradicted by the testimony of a witness given seventeen years after the service was made, and which does not depend upon any memorandum made at the time, but upon the unaided recollection of the witness. It was said in *Wyland v. Frost,* 75 Iowa, 209, that "upon grounds of public policy the return of the officer, even though not regarded as conclusive, should be deemed strong evidence of the facts as to which the law required him to certify, and should ordinarily be upheld, unless opposed by clear and satisfactory proof." See, also, *Ketcham v. White,* 72 Iowa, 193; *Johnson v. Jones,* 2 Neb. 126; 22 Am. & Eng. Enc. Law, 196. We do not think the testimony of the witness sufficient to overcome the return of the officer, and conclude we must hold that the service of the notice was sufficient to give the justice's court jurisdiction of the plaintiff.

II.　　We are next required to determine whether the plaintiff has shown such "unavoidable casualty or misfortune," within the meaning of subdivision 5 of section 4091 of the Code, as prevented her from defending the action in justice's court. We have held that a court of equity may grant a new trial after the statutory period for granting it has expired, if proper reasons are shown for not making the application within that period. *Larson v. Williams,* 100 Iowa, 114. (The first opinion filed in the case cited was superseded by the second one, and should not have been reported.) In the case of *Love v. Cherry,* 24 Iowa, 204, an attempt was made to have set aside sheriff's sale and deeds of real estate which were based on judgments rendered

while the plaintiff in that action, Mrs. Love, was absent from the state, and unable to return to it. Mrs. Love had signed certain notes on which actions were commenced after she left the state for the state of Texas, where she was detained by the Civil War. The original notices were served by leaving copies thereof with a person over fourteen years of age, who was a member of Mrs. Love's family while she was in this state, at the place where she had resided. It was claimed that the returns of the officer showing service as stated were false, but this court held that the claim was not well founded, and sustained the sales and deeds. It should be noticed, however, that defenses to the notes were not pleaded, and new trials for the purpose of making defense were not asked. It is shown in this case that the plaintiff was unable to write, and did not sign nor authorize either of the notes on which judgment was rendered, and that she was not liable for the consideration of one of them. Her name could not have been affixed to either of the notes without the knowledge and concurrence, and probably the procurement, of her husband. Although she does not show such grounds for leaving her husband as would have entitled her to a divorce, yet she had great provocation for leaving him. It is not only true that she was in a distant part of the state when the notice was served on her husband, and wholly unable to appear and defend, but, in view of the temporary separation from her husband, which then existed, and his responsibility for the affixing of her name to the notes, it was to be expected that he would not only not make a defense in her name, but that he would conceal the fact that an action had been commenced. We cannot say that, under the circumstances disclosed by the record, the plaintiff was in fault in leaving her husband temporarily. Her testimony on that point is as follows: "I went away because I could not stay to home. Had nothing to eat nor nothing to burn. He was drinking all the time, so I broke up housekeeping. It would be hard to tell how

long he would be away from the place at about the time just prior to my going away. He would go and come when a mind to. He never provided for the family during the time that I was living there. My children supported the family." It is not shown that the husband became addicted to habitual drunkenness after his marriage to the plaintiff, nor that he was able to do more than he did for the support of the family; but, if the wife could not obtain a living with her husband, she was not in fault in seeking a temporary home elsewhere. It was certainly a misfortune for her to be so situated as to be prevented from knowing of the action against her, and to be unable, without fault on her part, to make the defense she had against it. See 15 Am. & Eng. Enc. Law, 621. It is claimed that the plaintiff has not used due diligence to procure the relief she demands. But she did not know of the judgment against her until the 25th day of March, 1896, when the defendant for the first time made an attempt to enforce it against her by commencing an action on the judgment. The plaintiff filed an answer in that action, in which she pleaded the matters upon which she relies in this one, but the action was dismissed before trial, and this action was afterwards commenced. We think it was commenced within a reasonable time. We conclude that the district court correctly held that the plaintiff was entitled to a new trial.

III. The judgment of the justice's court was rendered on one promissory note for six dollars and twenty-five cents, on one for nine dollars and on an account for eleven dollars and eighty-five cents. The note for nine dollars was made to one C. L. Bahaman, and the plaintiff was not liable on it, nor on the consideration for it. The other note and the account were for family expenses, and the plaintiff is liable for their payment. After deducting a payment made on the note, for which the district court did not allow, there appears to be due from the plaintiff to the defendant the sum of thirty-seven dollars and one cent, and judgment for

that amount will be rendered against her.   There does not appear to be any sufficient reason for taxing the costs of the sheriff's sale to the plaintiff.   The execution under which it was made was issued before the action commenced by the defendant in March, 1896, was dismissed, hence the costs of the sale and deed will be paid by the defendant.   The costs of this action will be equally divided between the plaintiff and the defendant.   The decree of the district court, so far as it is involved in the appeal of the plaintiff, is *modified* and *affirmed,* and so far as it is involved in the appeal of the defendant it is AFFIRMED.