Fred Hass v. Albert A. Leverton, Appellant.

**Justice of the peace:** CERTIFICATION OF TRANSCRIPT: DISQUALIFICA-
TION. A justice is not disqualified by Code, section 284, from
certifying to a transcript of a judgment rendered by his prede-
cessor, by reason of the fact that he was a party to the action,
such act being purely ministerial.

**Original notice:** RETURN OF SUBSTITUTED SERVICE. A return in case
of substituted service, which stated that the notice was left
with the defendant's wife, was sufficiently definite to comply
with Code, section 3519, without naming her.

**Service of notice:** UNAVOIDABLE CASUALTY: NEW TRIAL. The fact
that a defendant's wife, with whom an original notice was
left in a case of substituted service, was aged, unable to under-
stand, read or write the English language, was not such an
unavoidable casualty or misfortune as demanded a new trial.

**Appeal.** The constitutionality of the statute authorizing substi-
tuted service cannot be first raised on appeal.

*Appeal from Hardin District Court.*— Hon. W. D. Evans,
Judge.

Monday, March 13, 1905.

ACTION to enjoin and cancel a judgment entered on
a transcript of a justice of the peace. Decree as prayed.
The defendant appeals.— *Reversed.*

*N. S. Carpenter,* for appellant.

*F. H. Noble,* for appellee.

LADD. J.— I. A judgment was entered against the
plaintiff in the justice court of Harry Luiken, Esq., No-
vember 10, 1898, and a transcript thereof was certified by
the judgment plaintiff, as Squire Luiken's successor in

office, and filed with the clerk of the district court, who

**1. JUSTICE OF THE PEACE: certification of transcript; disqualification.** made the appropriate entries essential to render it in all respects a judgment of that court. Appellant contends that, because of being the judgment plaintiff, the justice was disqualified from certifying to the transcript. Doing this, however, was a purely ministerial act, in no way connected with the trial, and subsequent to the entry of the judgment. *Houghton v. Swarthout,* 1 Denio (N. Y.) 589. He merely copied the judgment, and certified that the copy was correct. This called for the exercise of neither judgment nor discretion, but was in pursuance of a legal requirement of a transcript as a basis of a judgment entry in the district court. See Throop on Public Officers, section 734. Neither the common law nor the statute disqualifies a judicial officer, because of being a party or related to a party, from performing purely ministerial duties in no way connected with the trial. *State v. Collins,* 5 Wis. 339; *Cullins v. Overton,* 7 Okl. 470 (54 Pac. Rep. 702); *Hayes v. Collier,* 47 Ala. 726; *State v. Gurney,* 17 Neb. 523 (23 N. W. 524); 17 Am. & Eng. Ency. Law (2d Ed.) 744. See *Moses v. Julian,* 84 Am. Dec. 114, and note. In *Johnson v. Jeffries,* 30 Mo. 423, the court held that issuing of an execution by a justice was a judicial act, but seems to have based its conclusions on the question of expediency, rather than the character of the act. In *Dawson v. Dawson,* 29 Mo. App. 521, the disqualification of a judge was held to extend to entering judgment in pursuance of a mandate of the Supreme Court, contrary to the holdings of the cases first cited. But here the act of the officer had no connection with the trial or entry of judgment, save that the purpose of making the transcript was that it might be filed with the clerk of the district court. Under section 284 of the Code, a justice is disqualified from acting as such, except by mutual consent of the parties, in any case wherein he is a party, but not from disposing of any preliminary mat-

ter not affecting the merits of the case. This has reference to the case until its conclusion by the entry of judgment, and not to purely ministerial acts performed in pursuance of statute subsequent thereto. .

II.   The service of the original notice ·was by leaving a copy. with the defendant's wife — the return so designating her — and exception is taken thereto because she was
2. ORIGINAL . not specifically named. The statute required
NOTICE:
. return of   that the return shall state " the name of the
substituted
service.   person. with whom the same was left or a sufficient reason for omitting to do so." Section 3519, Code. . As the wife bears the name of the husband, her name was indicated with sufficient definiteness, without repetition of his, with " Mrs." before it. *Davis v. Burt,* 7 Iowa, 56. Aside from this, no issue is raised by the pleadings with respect to the sufficiency of the return.

III.   It is next urged that as the plaintiff's wife was 67 years old, and unable to. understand, .read, or write the English language, this, with the fact that the notice did
3. SERVICE OF   not reach plaintiff, was such unavoidable cas-
NOTICE: un-
avoidable   ualty and misfortune as that a new trial should
casualty;
new trial.   have been awarded. Had the officer been required to state the contents of the notice, there would be much in this contention. See *Diltz v. Chambers,* 2 G. Greene, 479. But our statute merely requires that the notice be left " with some member of the family over 14 years of age " (section 3518, Code) ; and this is made equivalent to actual service, upon the supposition that such person sustains such a relation of confidence to the one sought to be served as that he will be likely to bring the notice . to his attention and thereby effect precisely . what actual service is intended to accomplish. The reading of the notice to or by the person with whom the copy is left is not required, nor is knowledge of the English language by him made essential. One who could have read the notice might have thrown it aside without calling her husband's

attention to it, and no one would claim this would afford ground for setting aside the judgment and awarding a new trial. Neither is the fact that one who can neither read nor understand the language fails to exercise that concern in the affairs of the head of the family involved in the preservation for his inspection of a paper left with her. Misfortune due to carelessness or negligence is never regarded as unavoidable. *Sioux City Vinegar Mfg. Co. v. Boddy,* 108 Iowa, 538; *Church v. Lacy,* 102 Iowa, 235. *Galvin v. Dailey,* 109 Iowa, 332, is not in point. That suit was on a note to which the defendant's signature was alleged to have been forged by her husband. She had left him on great provocation, and the court held that her failure to receive the copy of the notice left with him was a misfortune justifying a new trial. We do not think the circumstances of this case bring it within the terms of the statute authorizing a new trial because of unavoidable casualty or misfortune preventing plaintiff from making a defense.

IV. That a judgment entered on substituted service is valid was settled in the early case of *Journey v. Dickerson,* 21 Iowa, 308. The constitutionality of the statute authorizing the same cannot be first raised in this court.— *Reversed.*

4. APPEAL.