STATE OF IOWA ex rel. Consolidated Independent School District of Competine Township, Appellant, v. CONSOLIDATED INDEPENDENT SCHOOL DISTRICT OF LINBY et al., Appellees.

**SCHOOLS AND SCHOOL DISTRICTS:** Consolidated Districts—Effect of Appeal in re Objection. The taking of an appeal from an order of the county superintendent overruling objections to a petition for a consolidated independent school district, works a suspension, *until the final decision by the county board of education,* of all action by the county superintendent in the matter of calling an election. So held where the superintendent called an election while an appeal was allowable, with the result that only two days, instead of five days, elapsed between the final decision of the county board and the election, the election being held illegal. (Sec. 2794-a, Code Suppl. Supp., 1915; 38 G. A., Ch. 149.)

*Appeal from Jefferson District Court.*—C. W. VERMILION, Judge.

FEBRUARY 15, 1921.

QUO warranto to test the validity of the organization of a consolidated independent school district. A demurrer to plaintiff's petition was sustained, and plaintiff appeals.—*Reversed.*

*Chester W. Whitmore,* for appellant.

*Starr & Jordan* and *Ralph H. Munro,* County Attorney, for appellees.

STEVENS, J.—I.   A petition asking the establishment and consolidation of a school district embracing territory in Jefferson County and one independent district, known as Lone Tree Independent District No. 7, in Wapello County, was filed in the office of the county superintendent of Jefferson County. Residents of Lone Tree Independent District, on December 17, 1917, filed objections to the proposed consolidated district, in the office of the county superintendent of Jefferson County, which were on the same day considered and overruled. On December

26th, the objectors appealed from the decision of the county superintendent to the county board of education, whereupon the county superintendent transmitted all the original papers, together with her decision, to said board, and fixed the hearing upon appeal before it at her office in the courthouse at Fairfield on December 29th. A hearing was then had before the board, resulting in the sustaining of the decision of the county superintendent. On December 18th, which, as will be observed, was before notice of appeal from the decision of the county superintendent was served upon her, notice of an election to vote upon the proposed consolidation of said district, fixing December 31st therefor, was published. The election resulted in a majority of votes for consolidation. The defendants R. E. Mowery, J. H. Smith, W. C. Knows, and C. R. Ruggles were elected directors of said district, who in turn appointed James K. Stepp as president, C. W. Edwards as secretary, and J. A. Clingman as treasurer of said new consolidated district.

This action was commenced to test the legality of the organization of said consolidated independent district, and of the right of the said defendants to hold the office of school director, secretary, and treasurer thereof.

Among other allegations of plaintiff's petition, it is alleged that the five days' notice required by Chapter 149, Acts of the Thirty-eighth General Assembly, which amended Section 2794-a of the Supplemental Supplement to the Code, 1915, was not given, but, on the contrary, that but two days intervened between the final decision of the county board of education and the time fixed by said notice for holding the election. The material portions of Chapter 149, Acts of the Thirty-eighth General Assembly, are as follows:

"That Section 2794-a of the Supplemental Supplement to the Code, 1915, as amended by Chapter 432 of the Acts of the Thirty-seventh General Assembly be amended by striking therefrom the first hundred lines of Subdivision 'a' thereof and inserting in lieu thereof the following:

"When a petition describing the boundaries of contiguous territory containing not less than sixteen sections, within one or more counties, asking for the establishment of a consolidated independent school district and signed by one third of the quali-

fied voters residing therein, is filed with the county superintendent of the county in which the largest number of qualified voters in the proposed district reside, he shall within ten days give public notice of the place and date when all objections shall be filed. * * * All notices under this act shall be by one publication in a newspaper published within the proposed district or if there be none, then in a newspaper having general circulation within the proposed consolidated district, which publications shall be made not less than five days nor more than fifteen days prior to the hearing or election to which they refer. Objections may be made by any person residing upon or owning land within such proposed boundaries or who would be injuriously affected by the formation of the proposed district and shall be on file not later than twelve o'clock noon of the day fixed for receiving objections. Within five days after such filings the county superintendent shall review all papers filed in his office and after careful review and investigation of their merits shall overrule or sustain the objections filed and fix and determine the boundary lines of the proposed consolidated district. In determining these boundaries he shall so locate the boundary lines as will in his judgment form the best possible consolidated district, having due regard also to the welfare of adjoining districts. He shall also notify at once all objectors by registered letter of his decision.

"Any person having filed objections and being aggrieved by the ruling of the county superintendent may appeal from his decision to the county board of education within ten days after the decision is rendered, by serving written notice on the said county superintendent. Within five days after said notice has been received, the county superintendent shall file with the county board of education all of the original papers together with his decision and fix the time and place where such appeal will be heard and shall give notice to appellants by registered letter as heretofore provided. The time fixed for such hearing shall be not less than ten nor more than fifteen days from the date his decision is rendered. The county board of education shall determine such appeal within five days after the submission thereof which decision shall be final as to said boundaries.

"If no objections be filed or if the objections be not sus-

tained, it shall be the duty of the county superintendent with whom said petition has been filed to call an election in the proposed consolidated district, legal notice of which shall be given as hereinbefore provided. At the election all qualified voters residing in the proposed consolidated district shall be entitled to vote by ballot for or against the establishment thereof.''

Two principal grounds are relied upon by counsel for reversal: (a) That the election was illegal and void, because of the failure of the county superintendent to give at least five days' notice of the election to vote upon the question of consolidation after the final decision by the board of education; and (b) that Chapter 149, Acts of the Thirty-eighth General Assembly, in so far as the same attempts and authorizes the inclusion of territory located in more than one county, without notice or approval of the county superintendent thereof, interferes with the right of local self-government, and is in contravention of Section 30, Article 3, of the Constitution of the state of Iowa.

The constitutionality of this statute was not raised in the court below, and ordinarily at least, questions involving the constitutionality of a statute will not be considered when raised for the first time in this court. *Hass v. Leverton,* 128 Iowa 79; *State v. Gibson,* 189 Iowa 1212; *Shugart v. Maytag,* 188 Iowa 916. In view, therefore, of the conclusion reached upon the other question presented for review, we express no opinion as to the constitutionality of this enactment.

II. As already appears, the notice required to be given therefor must fix the time for holding the election at not less than 5 nor more than 15 days. The court below held that the notice given was sufficient, and that the appeal did not operate to stay further proceedings by the county superintendent. Notice in the case before us was published on December 18th, and the decision of the board of education was rendered on December 29th, thereby leaving but two days between the date of said decision and the time fixed for the election. Chapter 149, Acts of the Thirty-eighth General Assembly, does not, in terms, provide that the taking of an appeal by objectors from the decision of the county superintendent shall operate to suspend further proceedings until the final determination of said appeal by the county board of education. The enactment under consideration,

however, does provide that objections may be filed to the proposed consolidated district by any person residing upon or owning land within the proposed boundaries thereof, or who would be injuriously affected by the formation thereof, and that same shall be filed not later than 12 o'clock noon of the day fixed for receiving objections. It is the duty of the county superintendent to review all papers filed in his office, and overrule or sustain the objections filed, and fix and determine the boundary lines of the proposed consolidated district. Any person having filed objections who is aggrieved by the ruling of the county superintendent may appeal from his decision to the county board of education within 10 days after his decision is rendered, by serving written notice upon said county superintendent. It then becomes the duty of the county superintendent, within 5 days after receipt of such notice, to transmit all of the original papers, with his decision, to the county board of education, and fix the time and place where such appeal will be heard, and give notice thereof to appellants by registered letter. The time fixed for such hearing shall be not less than 10 nor more than 15 days from the date of the decision of the county superintendent. The county board of education shall determine said appeal within 5 days after the submission thereof, and its decision shall be final as to the boundaries. *Brooker v. Ludlow*, 189 Iowa 760.

"If no objections be filed or if the objections be not sustained, it shall be the duty of the county superintendent with whom said petition has been filed to call an election in the proposed consolidated district, legal notice of which shall be given as hereinbefore provided."

It will thus be observed that the procedure before the county superintendent and upon appeal before the board of education is clearly set forth in the statute, each step being carefully provided for. The decision of the county board of education, in the event objections are filed to the proposed consolidated district and an appeal is taken from the decision of the county superintendent, is final, as to the matter of boundaries. If objections are filed, the right of appeal from the decision of the county superintendent to the county board of education is absolute. And clearly, no election could be legally held until after the boundaries were finally determined by said board. It seems

to us that the statute contemplates quite clearly that, in the event objections are filed, no further steps shall be taken by the county superintendent until the procedural provisions for the benefit of the objectors have been exhausted, or the right to appeal has been abandoned. At the time notice of the election in question was published, the objectors had the right to appeal from the decision of the county superintendent to the county board of education, and, upon the taking of such appeal, it became the duty of the county superintendent, within 5 days after receipt of notice, to cause all of the original papers, together with his decision, to be filed with the county board of education. Until this board passed upon the objections, and finally determined and fixed the boundaries of the district, it could not be known whether the independent district of Lone Tree would be included within the boundaries of the proposed district or not. The electors residing therein were entitled to 5 days' notice of the election, after the boundaries were finally determined and fixed. It is true, as already stated, that the enactment in question does not specifically provide for the suspension of further proceedings by the county superintendent, after his decision upon objections filed, until the expiration of the time within which an appeal may be taken, or until after final decision of the board of education, when an appeal is taken; but such would seem to be the fair and logical interpretation thereof. The provision for an appeal is for the benefit of persons residing upon or owning land within the boundaries of the proposed district, and their right to notice of the election for at least the minimum of time allowed by statute should be upheld.

The proceedings for the establishment of consolidated independent school districts at best allow but little time for reflection and consideration by the electors of the proposition; and the delay that will result if the procedural steps set forth by the statute are followed, in case of an appeal, and the giving of notice is deferred until the final decision by the county board of education, will be a matter of a few days only. It is our conclusion, therefore, that, notwithstanding the fact that Chapter 149, Acts of the Thirty-eighth General Assembly, does not, in specific terms, provide that further proceedings shall be suspended, in case of an appeal by objectors from the decision of

the . county superintendent, until after determination of the appeal by the county board of education, such is the reasonable implication therefrom. The election of which the county superintendent is required to give a notice of at least 5 days to the electors is to determine whether a certain proposed consolidated school district with definitely fixed and ascertained boundaries shall be incorporated. The boundaries, in case of an appeal including that question, must be finally fixed by the county board of education, and notice of the election should not be published until this action has been taken. It follows that the election in question was illegal, because of the failure of the county superintendent to give such 5 days' notice after the final decision of the county board of election, and for this reason the judgment and decree of the court below are—*Reversed.*

EVANS, C. J., ARTHUR and FAVILLE, JJ., concur.