THE STERLING TIRE CORPORATION *vs.* WILLIAM H. BEERS, JR., ET AL.

Third Judicial District, Bridgeport, October Term, 1923
WHEELER, C. J., BEACH, CURTIS, KEELER and WOLFE, JS.

A sale implies an ownership in the thing sold and a transfer of that ownership or title to another.

One Schnell, who owed the plaintiff for tires which he had bought, sold out his business to the defendant B, the latter agreeing to pay all of Schnell's debts incurred in the business. Upon learning of this change, the plaintiff checked up the tires which had passed into B's possession from Schnell and rebilled them to B. B's mother then executed a contract guaranteeing prompt payment of the purchase price of all goods that might thereafter be sold by the plaintiff to B. The plaintiff, seeking a recovery of the price of such tires, sued B for goods sold and delivered, and B's mother on her contract of guaranty. *Held* that since B acquired his title to the tires from Schnell, there was no sale by the plaintiff to B, and hence the plaintiff was not entitled to a judgment against either defendant.

Whether in a proper form of action the plaintiff could have recovered on the contract of B to assume and pay Schnell's debts, including that for the tires in question, *quære.*

Argued October 31st—decided November 17th, 1923.

ACTION to recover for automobile tires alleged to have been sold and delivered to one defendant, and upon a contract of guaranty for their payment signed by the other defendant, brought to and tried by the Court of Common Pleas in Fairfield County, *Booth, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiff. *No error.*

Between April 19th and August 2d, 1919, the plaintiff sold and delivered to "Schnell's Garage" in Norwalk, a quantity of tires and tubes. "Schnell's Garage" was owned and conducted by one Clifford S. Schnell, and the defendant William H. Beers, Jr., who was a minor, had been employed there, and during some part of the time had an interest in the business, but whether he had an interest in the business before July 9th, the date of the last sale to "Schnell's Garage" before August 2d, did not appear from the finding.

On August 6th, 1919, Schnell sold out his interest in the business to Beers, by bill of sale, a part of the consideration of the sale being the assumption by Beers of all of the debts of Schnell incurred in the business and enumerated in the bill of sale, among them being that of the plaintiff, which was set forth as $716.36. Beers at the time of such sale took immediate possession of the business. As a further consideration for such sale, Phebe M. Beers guaranteed to Schnell the performance of the terms of the bill of sale. On August 27th, 1919, plaintiff's agent learned of this transfer from Schnell to Beers, and also that Beers was a minor. Such agent thereupon arranged with Beers for the continuance of the selling agency of plaintiff's tires and tubes, checked up those in his possession and "rebilled" them to him, and further, that Beers should assume such indebtedness of Schnell's up to and including July 9th, amounting to such sum. Such tires,

representing $716.36, were not redelivered to the plaintiff nor taken possession of by plaintiff's agent, and except for checking them up and subsequently writing the words "Mr. Beers" on the page of the ledger account charge to "Schnell's Garage," nothing was done by the plaintiff in the matter of the tires.

On August 28th, 1919, plaintiff, through such agent, obtained from Phebe M. Beers the execution of a contract of guaranty, by the terms of which she guaranteed "the prompt payment to The Sterling Tire Corporation of the purchase price of all goods that may hereafter be sold by said The Sterling Tire Corporation to William H. Beers, Jr., . . . to an amount not exceeding one thousand dollars at any one time, it being understood that this guaranty shall be a continuing guaranty and shall remain in force and cover all amounts due, or to become due, for all sales of goods that may hereafter be made by said The Sterling Tire Corporation to said William H. Beers." No goods were in fact sold or delivered by the plaintiff to William H. Beers, Jr., after the execution of such guaranty, or in fact at any time after William H. Beers, Jr., purchased the interest of Schnell in the business.

*Nehemiah Candee,* for the appellant (plaintiff).

*Jesse T. Dunbar,* for the appellees (defendants).

WOLFE, J. The motion to correct the finding is without merit.

The complaint in this action against the defendant William H. Beers, Jr., is solely one for goods sold and delivered to him, and against the administrator of the estate of Phebe M. Beers, upon the guaranty above referred to, based upon plaintiff's claim of sale and delivery of goods to William H. Beers, Jr. As the ques-

tion of the liability of the defendant William H. Beers, Jr., growing out of his agreement with Schnell to assume and to pay to the plaintiff the debt in question, is not raised by the allegations of the complaint, and therefore was not before the trial court for determination, the effect of the rule recently laid down by us in *Baurer* v. *Devenis*, 99 Conn. 203, 121 Atl. 566, as applied to the facts in this case, is not before us.

As the complaint thus seeks to recover from both of the defendants solely upon the ground of goods claimed to have been sold and delivered to the defendant William H. Beers, Jr., it follows that if no goods were in fact sold and delivered to such defendant, the plaintiff has no cause of action against either of the defendants.

The record discloses that Schnell, as the owner of "Schnell's Garage," had title to the goods in question on August 2d, when he sold and transferred title therein to the defendant Beers, so that on August 27th, when plaintiff's agent "rebilled" such goods to Beers, which consisted merely in his checking up the tires in the possession of Beers, and writing the words "Mr. Beers" upon the ledger page of Schnell's Garage account, plaintiff had no ownership in or title to such tires, but such ownership and title were in Beers himself, and therefore there was no sale or delivery of such goods to such defendant. "A sale implies ownership in the thing sold and a transfer of that ownership to another. . . . It involves the passing of title." *State* v. *Mad River Co.*, 92 Conn. 35, 38, 101 Atl. 496.

As the so-called "rebilling" of such tires then in the ownership and possession of Beers did not constitute a sale or delivery of such goods to Beers, and as the trial court has specifically found that the defendant William H. Beers, Jr., "at no time purchased any tires or other

merchandise from the plaintiff," it follows that neither such defendant nor the estate of Phebe M. Beers is liable to the plaintiff, under the allegations of the complaint in the action.

There is no error.


In this opinion the other judges concurred.