## NOBLE et al. v. LONG. (No. 541.)

Court of Civil Appeals of Texas. Waco.
Sept. 29, 1927.

**1. Justices of the peace ☞135(2)—Issuance of execution by justices of peace is ministerial act, involving no judicial discretion.**

Issuance of an execution by justices of the peace is only a ministerial or clerical act, and does not involve judicial discretion.

**2. Justices of the peace ☞57(2)—Justice of peace was not disqualified to issue execution on judgment in favor of his brother-in-law rendered by former justice (Rev. St. 1925, art. 15).**

Under Rev. St. 1925, art. 15, justice of peace was not disqualified to issue execution on judgment in favor of brother-in-law rendered by former justice of peace, since statute does not prohibit performing merely ministerial acts, but extends to judicial acts only.

**3. Execution ☞193—Where claimant alleged that property levied on belonged to her, evidence regarding her lien on such property for rent was properly excluded.**

Where claimant alleged that property levied on belonged to her, that it was raised by her on her own land on which she lived as her home, and issue joined was right of title to property, evidence regarding her lien on property for rent from tenant was properly excluded.

**4. Execution ☞194(3)—Evidence held to support finding that cotton levied on did not belong to claimant.**

Evidence *held* to support finding of jury that cotton levied on under execution against claimant's son did not belong to claimant.

**5. Execution ☞194(1)—Cotton being in possession of claimant when levied on as property of another, court erred in charging that burden was on claimant to prove her ownership (Vernon's Ann. Civ. St. 1925, art. 7416).**

Cotton being in possession of claimant when levied on as property of another, burden of proof was on plaintiff in execution to show it was, at time levied on, property of defendant in

execution, under Vernon's Ann. Civ. St. 1925, art. 7416, and court erred in charging that burden was on claimant.

**6. Trial ☞273—Party waived error in charge by failing to make objection before charge was read to jury (Rev. St. 1925, art. 2185).**

Claimant of property levied on waived error in charging that burden was on her to prove ownership by failing to make objection to court's charge before same was read to jury, under Rev. St. 1925, art. 2185.

**7. Execution ☞201, 209—Under facts, judgment against one claiming property levied on and sureties on claimant's bond for value of property and 10 per cent. additional and costs was correct (Vernon's Ann. Civ. St. 1925, arts. 7417, 7420).**

Under facts of case, judgment against claimant of property levied on and sureties on claimant's bond for value of property and 10 per cent. of value additional for damages, and all court costs incurred, *held* correct, under Vernon's Ann. Civ. St. 1925, arts. 7417, 7420.

Error from Kaufman County Court; Chas. Ashworth, Judge.

Action in justice's court by T. T. Long against Will Noble. Judgment was rendered for plaintiff, and execution was issued and levied on property claimed by Mary Noble, with T. A. Carlisle and others as sureties on claimant's bond. Judgment for plaintiff against Mary Noble and sureties. On appeal to county court, plaintiff recovered judgment against same parties, and Mary Noble and her sureties bring error. Affirmed.

Ross Huffmaster, of Kaufman, for plaintiffs in error.

G. O. Crisp, of Kaufman, for defendant in error.

STANFORD, J. About 1915, T. T. Long recovered a judgment in the justice's court before G. W. Sharrock, J. P., against Will Noble for $93.55, together with 6 per cent. interest on same from date and $17.50 court costs. On September 3, 1925, execution was issued on said judgment and levied upon about 1,250 pounds of seed cotton as the property of Will Noble. Mary Noble filed claimant's affidavit and bond for said cotton, with T. A. Carlisle, A. P. Spangler, and Ross Huffmaster as sureties on said bond. Issues were made upon and the trial of the right of property in said cotton had in the justice's court, resulting in a judgment for T. T. Long against Mary Noble, as principal, and Ross Huffmaster, T. A. Carlisle and A. P. Spangler, the sureties on said bond, for the sum of $96.09 and 10 per cent. damages, making a total of $105.69. Said cause was appealed to the county court, where, upon trial, T. T. Long recovered judgment for the same amount and against the same parties, from which judgment Mary Noble and said sure-

---

ties on her claimant's bond have appealed, and present the record here for review.

[1, 2] By her first proposition plaintiff in error contends the execution levied upon the cotton in question was void because Mathis, the justice of the peace who issued same, was a brother-in-law of T. T. Long. The judgment of Long against Noble, on which said execution was issued, was not rendered by Mathis, but by a former justice of the peace some 10 years before Mathis became justice in said precinct. A justice of the peace acts as his own clerk. Some of his duties are judicial, but a large part of such duties are only ministerial. The issuance of an execution by a justice of the peace is only a ministerial or clerical act and in no sense involves any judicial discretion. Article 15, Revised Civil Statutes 1925, provides:

"No judge or justice of the peace shall sit in any case wherein he may be interested or where either of the parties may be connected with him by affinity or consanguinity within the third degree, or where he shall have been counsel in the case."

It will be noted, where a judge or justice is disqualified, the inhibition is that he shall not sit in such case—that is, shall not sit in the trial of such case—but there is no inhibition against his performing purely ministerial acts. As bearing upon the question here involved, see article 15, Revised Civil Statutes 1925, Morris v. Foreaker (Tex. App.) 15 S. W. 37, Smith v. Hardin et al., 68 Tex. 120, 3 S. W. 453, Hass v. Leverton, 128 Iowa, 79, 102 N. W. 811, 5 Ann. Cas. 974, and 35 C. J., p. 543, where the following rule is laid down:

"The disqualification extends to judicial acts only. The interest of the justice will not render his ministerial acts void, although such interest would be sufficient to disqualify him from performing any judicial acts."

This assignment is overruled.

[3] Under her second proposition plaintiff in error contends: Where cotton is in the possession of the claimant, it is error to refuse to permit her to testify that her tenant owed her rent out of other cotton raised by the tenant, where she claims the cotton belongs to the tenant. In her tender of issues plaintiff in error alleged, in substance, that said cotton belonged to her; that it was raised by her on her own land on which she lived as her home, etc. There was no pleading as a basis for a claim of lien or rent. The issue joined being the right of title to said property, the question of a lien for rent was immaterial in such proceeding.

[4] Under several propositions it is claimed by plaintiff in error that there is no evidence to support the finding of the jury that said cotton did not belong to Mary Noble, plaintiff in error. But the record discloses that plaintiff in error testified herself that she told the officer who levied the execution that said cotton belonged to Will Noble, and that the only claim she had upon the cotton was that when Will sold it she expected him to bring her part of the money; that her son, Will Noble, raised, gathered, and sold three bales of cotton off said land besides the cotton in controversy and paid her the rent; that all she was entitled to and wanted in this case was her part of the rent out of the cotton in controversy; and that she would be satisfied if she could get that. The verdict is supported by the evidence.

[5-7] Under her sixth proposition plaintiff in error contends that, as the cotton was in her possession at the time it was levied upon, the court erred in charging that the burden of proof was upon her. This is correct. The charge of the court was erroneous. The cotton being in the possession of plaintiff in error at the time it was levied upon as the property of Will Noble, the burden of proof was upon T. T. Long, plaintiff in execution, to show it was at the time levied upon the property of Will Noble, the defendant in execution. Article 7416, Vernon's Statutes 1925. However, we think the error here of which complaint is made was waived by plaintiff in error by her failure to make any objection to the court's charge before same was read to the jury. Article 2185, Revised Civil Statutes 1925. The judgment was for the value of the cotton, $96.09, and for $9.60 damages, same being 10 per cent. of the value of said cotton, and all court costs incurred, against the claimant and sureties on her claimant's bond. Under the facts of this case, said judgment is correct. Articles 7417 and 7420, Vernon's Civil Statutes 1925; Muenster v. Tremont National Bank (Tex. Civ. App.) 46 S. W. 277.

We have examined all assignments of plaintiff in error, and, finding no reversible error overrule same.

The judgment of the trial court is affirmed.