[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS
This foreclosure action was served upon the named defendant by leaving an attested copy of the summons and complaint at 8 Diamond Drive, Clinton, Connecticut, sometime between January 10, 1995, and February 7, 1995. The plaintiff contends that this constitutes abode service within the meaning of General Statutes §§ 52-54 and 52-57(a). The defendant contends that the location of service was not in fact his usual place of abode and that the matter should be dismissed for lack of jurisdiction over the person. In support of that contention, the defendant has submitted an affidavit to the effect that pursuant to a court order entered in October of 1994, he vacated the 8 Diamond Drive address and has not resided there since. In particular, he was not living at 8 Diamond Drive at the time that service was made.[1]
The burden of proof with respect to jurisdictional issues is upon the party raising the alleged jurisdictional defect. A presumption of proof is given to the facts stated in the officer's return. Standard Tallow Corporation v. Jowdy, 100 Conn. 48,53 (1983). However, the return may be contradicted, and the court may find contrary to the return. Hasler v. T.H. Canty CT Page 7337Co., 138 Conn. 341, 343 (1951). Our rules of practice contemplate the filing of affidavits with regard to facts not apparent on the record. Practice Book § 143. See Barde v. Board of Trusteesof Regional Community Colleges, 207 Conn. 59, 62 (1988).
In his affidavit, the defendant has alleged that he was not, at the time of service, living at the Diamond Street address. The question before the court is thus whether this factual statement by the defendant in his affidavit, a statement which is not contradicted by the plaintiff, justifies the legal conclusion that the Diamond Street address was not the defendant's "usual place of abode" within the meaning of General Statutes § 52-54
and § 52-57(a).
"Temporary absence does not destroy what would otherwise be a `usual place of abode' if there is an intent to return to that abode, whether the absence be due to a search for work, actual employment out of state, hospitalization, imprisonment, or unknown reasons." Stephenson, Connecticut Civil Procedure, Sec. 24 at 79. One of the earliest definitions of "place of abode" was "the place in which a married man's family resides, with his consent, and where he has voluntarily resided with them, as his home, and which he has never abandoned . . . unless such residence has been, and was intended to be, temporary and for transient purposes." Uyen Phan v. Delgado, 41 Conn. Sup. 367, 371
(1990), quoting Grant v. Dalliber, 11 Conn. 234, 237 (1836).
Defendant's affidavit reveals only that he has obeyed a pendente lite Superior Court order, which, by definition, is temporary in nature. He has not provided the court with a copy of said order, but assuming, for purposes of this discussion, that such exists, he has given the court no reason to believe that his absence from the home is other than temporary, pending some kind of resolution of the pending dissolution of marriage action.
The defendant cites American Bankers Insurance Co. v. Leist,117 Ohio App. 20, 22, 189 N.E.2d 456 (1962), which held that where a husband had separated from his wife, left his home pursuant to court order in divorce proceedings, changed his residence and never returned, the wife having been awarded possession of the family home, service left at the former home was not considered to be effective abode service. That case, however, is readily distinguishable. There has been no formal order in this defendant's dissolution of marriage proceedings, and, to be sure, no order awarding his wife permanent and CT Page 7338 exclusive possession of the family home. Moreover, although in the Ohio matter there is an indication that the defendant formally changed his residence, the defendant's affidavit in this case indicates only that he has vacated the family home and has not resided there since October of 1994.
In several out-of-state cases where the defendant's leaving the family home was also not so clearly permanent, courts have been inclined to construe the marital residence as constituting the "usual place of abode" even when the defendant was absent from that location for a period of weeks or months. See, e.g.,Galvin v. Dailey, 109 Iowa 332, 80 N.W. 420 (1899); Missouri, K. T. Trust Co. v. Norris, 61 Minn. 256, 63 N.W. 634 (1895);Kueffner v. Gottfried, 154 Minn. 70, 199 N.W. 271 (1922); Janeyv. Janey, 350 P.A. 133, 38 A.2d 235 (1944).
The defendant's affidavit establishes only that he was not living at the family home at the time the process was served. It gives the court no reason to conclude that his absence was anything other than temporary during the pendency of dissolution of marriage proceedings. It does not overcome the presumption of the validity of the sheriff's return to the effect that he made service upon the defendant at his usual place of abode.
The motion to dismiss is therefore denied.
Jonathan E. Silbert, Judge