[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Plaintiff has filed a Motion for Summary Judgment (docket entry no. 109) on all four counts of an amended complaint filed on January 26, 2001.
The following facts are derived from the parties' memoranda. In July, 1998, the defendant, Southwest Community Health Center, Inc., learned that it was being investigated by federal law enforcement authorities. In response, the defendant contacted Joseph Martini (Martini) and retained his law firm, Pepe Hazard, LLP, to assist it with the investigation. Martini sent a letter to the defendant on July 21, 1998, confirming the terms of the firm's engagement. Martini then contacted the plaintiff, Checkers International, Inc., to assist his firm in its work for the defendant. On August 5, 1998, the plaintiff sent a letter to Martini confirming that Pepe Hazard had retained the plaintiff in connection with its work for the defendant. Martini approved and accepted the letter on behalf of his firm. On August 10, 1998, Martini sent a letter to the plaintiff confirming his firm's agreement to retain the plaintiff. The plaintiff performed investigative services for the defendant from August, CT Page 7594 1998, through January, 1999. During that time, the plaintiff submitted invoices to the law firm totaling $34,997.55. The law firm paid one invoice with a check for $4,831. The defendant paid another invoice with a check in the amount of $10,438.
In January, 1999, the federal authorities concluded their investigation of the defendant. Martini then discontinued his representation of the defendant. In April, 1999, the plaintiff presented the defendant with a bill for the unpaid balance of $19,728.55 due for its services and demanded immediate payment. The defendant refused to pay the bill and this lawsuit ensued.
The plaintiff alleges in its amended complaint against the defendant that goods were sold and delivered (count one), breach of a contract (count two), account stated (count three) and unjust enrichment (count four).[1] The plaintiff filed a motion for summary judgment[2] on all counts of the complaint and the defendant filed an objection thereto.
The plaintiff argues that it is entitled to summary judgment on its claim for goods sold and delivered on the ground that the defendant failed to fully pay for the plaintiff's services. In opposition, the defendant argues that there is an issue of fact as to whether the plaintiff delivered any goods to the defendant. The defendant notes that the plaintiff's evidence only shows that it provided services to the defendant, not that it delivered any goods.
Transactions that involve the sale of goods are governed by law "found in article 2 of the Uniform Commercial Code (UCC) General Statutes42a-2-101 through 42a-2-725. . . ." Franklin Quilting Co. v. Orfaly,1 Conn. App. 249, 251, 470 A.2d 1228 (1984). `Goods' are defined in General Statutes § 42a-2-105(1) in relevant part as "all things, including specifically manufactured goods, which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities covered by article 8 and things in action." "If the complaint . . . seeks to recover . . . solely upon the ground of goods claimed to have been sold and delivered . . . it follows that if no goods were in fact sold and delivered to the defendant . . . the plaintiff has no cause of action against either of the defendants." Sterling Tire Corp. v. Beers, 100 Conn. 45, 48, 122 A. 656
(1923). In this case the plaintiff's allegations and evidence only pertain to services it provided to the defendant. The plaintiff does not cite to any authority that includes services in the definition of goods. Thus, the plaintiff has not met its burden to show that it is entitled to summary judgment on its claim of goods sold and delivered.
The plaintiff contends that it is entitled to summary judgment on its CT Page 7595 claim for breach of contract because the evidence establishes that the plaintiff entered into an agreement with the defendant pursuant to the August 5, 1998 letter from the plaintiff to Martini, the plaintiff performed services in accordance with the terms of the agreement, and the defendant breached the agreement by not fully paying for the plaintiff's services. The plaintiff contends that, in entering into this agreement, Martini's law firm was acting as an agent of the defendant. In opposition, the defendant contends that no agreement existed between the plaintiff and the defendant, or at least, that the plaintiff has failed to establish that there is no genuine issue of material fact as to the existence of such an agreement.
"The rules governing contract formation are well settled. To form a valid and binding contract in Connecticut, there must be a mutual understanding of the terms that are definite and certain between the parties. . . . If the minds of the parties have not truly met, no enforceable contract exists. . . . [A]n agreement must be definite and certain as to its terms and requirements." (Internal quotation marks omitted.) Geary v. Wentworth Laboratories, Inc., 60 Conn. App. 622,627-28, 760 A.2d 969 (2000). "Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Internal quotation marks omitted.)Tallmadge Bros., Inc. v. Iroquois Gas Transmission System, L.P.,252 Conn. 479, 495, 746 A.2d 1277 (2000).
In this case, there is a genuine issue of fact on the question of whether the plaintiff and the defendant entered into an agreement. The documents submitted by the parties establish that Martini's law firm entered into an agreement with both the plaintiff and the defendant. (Plaintiff's Memorandum Exhibit A; Affidavit of Yacavone, Exhibit A, B.) However, the evidence does not establish that there is no question that the plaintiff entered into an agreement with the defendant. Furthermore, although the evidence indicates that the defendant understood that it might be billed if Martini's law firm hired an investigator; (Yacavone Affidavit, Exhibit A.); there is insufficient evidence that the defendant authorized the firm to act as its agent in so doing.[3] Accordingly, the plaintiff has not met its burden to show that it is entitled to summary judgment on its claim for breach of contract.
The plaintiff contends that it is entitled to summary judgment on its claim for account stated on the ground that it billed the defendant for its services and the defendant did not protest the amount thereof, or the nature of the services and charges. The defendant responds that the plaintiff fails to establish that the defendant promised to pay the amount CT Page 7596 claimed. The defendant argues that the plaintiff never stated an account to the defendant, the defendant never agreed to pay the amount stated and it protested the bill.
A claim for account stated "centers on the obligation to pay a sum certain arising upon an examination by the parties of unsettled claims of indebtedness, and an agreement between them that all the articles are true and a particular sum remains due. This obligation may arise when there is no express promise to pay the particular sum, as where mutual claims are set off one against the other, and a resultant balance agreed upon as due. . . . It is not essential to the support of this obligation that an actual examination by the parties of the items of indebtedness should be proved; it is sufficient that the conduct of the parties is equivalent to such examination and to an agreement upon a specific sum and a promise to pay that sum. . . . The essential and controlling fact upon which the obligation arises is an agreement between the parties that items of indebtedness, before open to dispute, are true and amount to a particular sum agreed upon as due from the defendant to the plaintiff."Dunnett v. Thornton, 73 Conn. 1, 15-16, 46 A. 158 (1900).
The evidence indicates that there are issues of fact on the question of whether the plaintiff and the defendant ever agreed that the defendant owed the plaintiff the balance due on the unpaid invoices and whether the defendant protested the amount of the invoices. The plaintiff presented evidence that the parties conferred regarding this issue and that Martini's law firm assured the plaintiff that its invoices would be paid. (Plaintiff's Affidavit, ¶¶ 14, 16, Exhibit B, C.) The plaintiff did not, however, present evidence that the defendant agreed to pay the balance due. The defendant presented evidence that it informed the plaintiff that it would not pay the balance due. (Yacavone Affidavit, ¶ 18.)
Lastly, the plaintiff alleges that it is entitled to summary judgment on its claim for unjust enrichment on the ground that the defendant received the benefit of the plaintiff's investigative services without fully compensating the plaintiff. In opposition, the defendant argues that this cause of action can not be used in lieu of a claim for breach of contract. In addition, the defendant argues the issue of whether the defendant's failure to pay the plaintiff was unjust involves the determination of factual issues. As to the defendant's first contention, claims of breach of an express contract and those of unjust enrichment based on a quasi-contract are allowed in one complaint as alternative theories of recovery. See Dreier v. Upjohn Co., 196 Conn. 242, 245,492 A.2d 164 (1985).
As to the defendant's second contention, the "three basic requirements CT Page 7597 [of unjust enrichment] are that (1) the defendant was benefitted, (2) the defendant unjustly failed to pay the plaintiff for the benefits, and (3) the failure of payment was to the plaintiff's detriment." Gagne v.Vaccaro, 255 Conn. 390, 409, 766 A.2d 416 (2001). "[T]he determinations of whether a particular (set of circumstances] was unjust and whether the defendant was benefitted are essentially factual findings for the trial court. . . ." (Citation omitted.) Maris v. McGrath, 58 Conn. App. 183,186, 753 A.2d 390, cert. granted on other grounds, 254 Conn. 919,759 A.2d 1025 (2000).
There are issues of fact as to whether the defendant's refusal to pay for the plaintiff's services was unjust. The defendant presented evidence that it considered that the plaintiff charged an unreasonable rate for its services and that the plaintiff's investigators were unqualified and unprofessional. (Yacavone's Affidavit, ¶¶ 12, 18.)
Accordingly and for the reasons herein stated, the court denies the motion for summary judgment as to all counts of the amended complaint.
EDDIE RODRIGUEZ, JR., JUDGE